Clarence J. Henry, J.
This is a motion on behalf of the defendant, a domestic corporation, to reopen and set aside a *656 default judgment in the sum of $3,586, entered against said defendant on November 20, 1962, and for leave to interpose an answer.
The cause of action alleged in the complaint sounded in negligence, claimed to have occurred in the so-called Terminal Building, in the City of Rochester, owned and operated by the defendant.
The action was properly commenced by service of a summons and complaint upon the Secretary of State’s office on March 28, 1962, under section 25 of the Stock Corporation Law.
The defendant’s motion is based upon affidavits which satisfactorily show that neither the defendant corporation nor any of its officers ever received a copy of the summons and complaint from the Secretary of State’s office, by registered mail as required by the statute, or otherwise; that nothing was known of the action or its judgment until a bank account of defendant’s was “ frozen ”. The showing becomes more satisfactory after an examination of the papers submitted on the motion and the judgment roll on file in the Monroe County Clerk’s office. In the latter is contained proof of service on the Secretary of State’s office, and an acknowledging receipt, but nowhere does there appear any indication that the Secretary of State’s office effected the service on defendant by registered mail. It must, therefore, be presumed that the defendant’s claim of never having received the process papers is correct.
This situation does not invalidate the service, of course, for service upon the Secretary of State’s office under section 25 is deemed personal service upon a designated agent (Civ. Prac. Act, § 228, subd. 9; Laurendi v. Cascade Development Co., 5 Misc 2d 688), and the service is not nullified by the failure of that office to effect the further required mailing (National Mfg. Corp. v. Buffalo Metal Container Corp., 204 Misc. 269). Satisfactory proof, however, that a defendant has never received copies of the served process from the Secretary of State’s office — impliedly through mistake or inadvertence on the part of the latter — has been held a proper ground for the reopening of a default judgment (National Mfg. Corp. v. Buffalo Metal Container Corp., supra) —if the moving affidavits display a factual statement of meritorious defense.
A somewhat different situation prevailed in the case of Carpenter v. Weatherwax (277 App. Div. 264), principally relied upon by the plaintiff herein. There the defendant had been served by substituted service and the reopening of the ensuing default was governed by the provisions of section 217 of the Civil Practice Act, which makes reopening mandatory upon *657 “ good cause shown The court held that satisfactory factual indication that the defendant had or should have had actual knowledge of the suit or its pendency eliminated sufficient cause to reopen. In the instant matter, as above mentioned, the service was personal, or deemed so, and relief from default following such service is permitted only under section 108 of the Civil Practice Act which makes reopening a matter of discretion when the judgment has been taken through “mistake, inadvertence, surprise or excusable neglect ”. The Carpenter case (supra) is therefore distinguishable, factually and legally, from the instant matter, but its rule may nevertheless still be said to have some bearing herein — to the extent that a showing of actual knowledge on the part of a defaulting defendant, served through the Secretary of State’s office but not receiving copies of process therefrom, of the institution of the action might influence the exercise of the court’s discretion adversely to a later plea to reopen. Because of this, comment must be made upon the effect of other papers presented in opposition to the motion to reopen.
Plaintiff, in an endeavor to show actual knowledge of the commencement of the action on the part of the defendant, presented a letter dated February 22, 1962 (some five weeks prior to the service undertaken herein), addressed by him to a firm of New York City attorneys, one partner of which is concededly the treasurer of the defendant corporation, and the reply of the partner-treasurer thereto. Examination of these satisfied that the initial letter had no greater significance than announcement of contemplation of the action, and the reply contained simply inquiry as to the nature of the plaintiff’s claim and a suggestion that upon receipt of the facts they would be turned over to the insurer of the building for investigation. Neither can be considered as showing actual knowledge by the defendant that the action, only threatened at the time, was ever thereafter instituted —■ conceivably it could have been abandoned, or for some reason delayed. Plaintiff also submitted a letter addressed by him to the defendant’s insurer, dated May 28, 1962 (two months after service), warning of the default and courteously granting additional time to answer, but this again cannot be regarded as actual notice to the defendant, absent some indication that the intelligence of the letter was actually conveyed to one of its authorized agents.
There remains, then, for consideration only the question as to whether the moving affidavits contain sufficient factual showing of a meritorious defense. It is felt that they do. The negligence alleged in the complaint was, substantially, the failure of the defendant to keep the vestibule of its building free from a *658 dangerous accumulation of slush, water and snow, and to provide prevention against slipping thereon, which conditions caused the plaintiff to fall. The submitted affidavit of the defendant’s resident managing agent goes as far, it would seem, as it is possible to go under the circumstances by alleging his personal knowledge of the nonexistence of the claimed dangerous condition at the time of the plaintiff’s fall. This formulates an issue of fact upon which reasonable persons might differ, and which therefore properly ought to be allowed to be presented to a jury.
The motion to reopen and set aside the default judgment is j granted as a matter of discretion, with leave to interpose the submitted answer within 10 days following service upon the plaintiff’s attorney of a copy of the order hereon, together with notice of entry thereof. No costs.