**Raymond W. HORN, Plaintiff,**

v.

**INTELECTRON CORP., Defendant.**

**No. 68 Civ. 1966.**

United States District Court
S. D. New York,
Civil Division.

Dec. 13, 1968.

**1154**

Jacob Oliner, New York City, for plaintiff.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, by Gilbert S. Edelson, New York City, for defendant.

LASKER, District Judge.

## MEMORANDUM DECISION

This is a motion to set aside a default pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. Complaint was filed in this court on May 15, 1968. Since the defendant is a domestic corporation, service could be made "in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." Rule 4(d)(7), Federal Rules of Civil Procedure. In this case, service was effected upon the defendant by serving the Secretary of State of the State of New York on May 21, 1968. N.Y. CPLR 311(1); N.Y. Business Corporation Law, McKinney's Consol.Laws, c. 4, § 304(a). The New York statute requires the Secretary of State to send a copy of the summons by registered mail to the corporation at its post office address. Business Corporation Law § 306(b). The Secretary of State mailed a copy of the complaint to defendant Intelectron Corp., in care of its former counsel. Due to a clerical error in the mail room of the law firm, the unopened letter was returned to the Secretary of State marked "Refused." The usual practice of the law firm in question was to forward all such correspondence to former clients. In this case, refusal of the unopened letter was contrary to the firm's usual policy and resulted from a clerical mistake. By coincidence, a further clerical error occurred in this court in that no index card indicating defendant's name was in the appropriate index file.

The result of this state of facts was that the defendant never received actual notice of the pendency of this action.

Default was entered June 28, 1968 in the absence of the service of an answer by defendant, and the matter was set down for an inquest as to damages. On October 31, 1968, an inquest was held by this court as to damages and as to the circumstances of the default, for which neither plaintiff nor his counsel appeared to have any explanation.

Neither defendant nor its present counsel knew of the pendency of the present action until after the default judgment had been entered and the inquest held. They learned of it through informal reports (from the defendant's former president), which were checked by defendant's present counsel and found to be true. Promptly upon verifying the existence of the action (which was after the inquest had been held but before a judgment for damages had issued), defendant's counsel brought this motion to set aside the default judgment.

■■ A default judgment may be set aside for "mistake, inadvertence, surprise, or excusable neglect." Rule 60 (b). The circumstances of this case convince the court that relief under Rule 60(b) should be afforded to the defendant. Rule 60(b) should be liberally construed to resolve doubts (if any), in favor of setting aside default judgments so that cases may be decided on their merits. Huntington Cab Co. v. American Fidelity & Casualty Co., D.C.S.D.W.Va. 1945, 5 F.R.D. 496, 498. Matters which involve large sums of money should not be determined by default judgments if it can reasonably be avoided. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (C.A. 3d Cir. 1951).

■ The controlling question here is not whether the service of the complaint was properly made (of that there is no doubt), but whether the officers or agents of the defendant had actual knowledge that this suit had been in-

stituted and, if not, whether they were responsible for the lack of knowledge. The court is satisfied that defendant had no such knowledge and was not responsible for its failure to know. Defendant's lack of knowledge of this suit and the consequent failure to appear or answer the complaint were clearly attributable to the action of the clerk in the office of defendant's former attorneys who caused the process served by the plaintiff through the Secretary of State to be returned unopened to the Secretary of State. Such an act would seem to be precisely that kind of "excusable neglect" or, at the very least, "inadvertence" contemplated by Rule 60(b).

Under the circumstances, it appears in the interest of justice, in accord with the mandate for liberal construction of Rule 60(b) (as well as in the public interest that cases should be tried on their merits), that this motion be granted.[1]

In granting this motion, the court has necessarily considered the extent to which its action might prejudice the plaintiff. It is the court's view that a trial on the merits of the case will in no way prejudice the plaintiff. Nothing has occurred as a result of the passage of six months between the time the complaint was served and the time this motion was argued which would prevent or make more difficult the plaintiff's proving his case.

■ The propriety of granting the motion is reinforced by the fact that the defendant raises both respectable factual and legal defenses on the merits; that at no time was there an agreement that plaintiff should receive a finder's fee as alleged in the complaint and that, in any event, the statute of frauds applies to what even plaintiff admits was an oral agreement. It is not necessary for the defendant at this time to establish that it will prevail. It is sufficient to state

---

1. This accords with New York practice; See Montulli v. Sherlo Realty, Inc., 37 Misc.2d 655, 234 N.Y.S.2d 754, in which a New York State court held that when there is satisfactory proof that a defend-ant has not received a copy of the summons and complaint from the Secretary of State, it is appropriate to set aside the default judgment.

defenses which, if established on trial, would defeat plaintiff's action. Tozer v. Charles A. Krause Milling Co., supra, 189 F.2d at 244; Rooks v. American Brass Co., 263 F.2d 166, 169 (C.A. 6th Cir. 1959).

In the exercise of its discretion, under Rule 60(b), the court grants the motion to set aside the default judgment entered herein on June 28, 1968.

Settle order upon notice.