**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**S/S "HELLENIC CHALLENGER," her engines, tackle, boilers, etc., Hellenic Lines Limited, Defendant.**

**No. 79 CIV. 2702 (CBM).**

United States District Court, S. D. New York.

Aug. 27, 1980.

---

Yorkston W. Grist, P.C. by Jeffrey L. Shernoff, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, by M. E. DeOrchis, Vincent M. DeOrchis, Richard H. Collier, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Defendant, Hellenic Lines Limited, has moved for an order of this court to set aside the default judgment entered on February 14, 1980, awarding to plaintiff, Insurance Company of North America, damages of $33,352.02 with interest and costs for cargo damages, shortage, loss and non–delivery. Defendant advances two grounds in support of this motion: 1) defective service of process on defendant pursuant to Rule 4(d)(3), (7) of the Federal Rules of Civil Procedure; and 2) defendant's excusable neglect, mistake or inadvertence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Finally, and in the alternative, defendant seeks to have the default judgment set aside to the extent of the amount of damages awarded, and requests an inquest to determine separately the amount of damages to which plaintiff is entitled. The motion to set aside this judgment on the basis of improper service of process and defendant's excusable neglect is denied. Defendant's motion to set aside the damages award and request for an evidentiary hearing on the issue of damages is hereby granted.

■ On May 29, 1979, a United States Marshal deposited plaintiff's summons and complaint with a claims adjuster at the office of defendant. The complaint stated an admiralty and maritime claim for $33,-352.02 for non–delivery, shortage, loss and damage of a shipment of pickled sheepskins shipped from Port Sudan to New York aboard defendant's vessel, the S/S HELLENIC CHALLENGER. Subsequently, the summons and complaint were misplaced and thus were never brought to the attention of the appropriate authorities.

The adjuster who had accepted service of the summons and complaint is not expressly authorized by defendant to accept service of process; the only employees endowed with express authority to accept service of process on behalf of defendant are all titled officers and the Claims Manager. At the time of service of the Summons and Complaint, the Claims Manager was absent due to illness and the adjuster, an assistant to the Claims Manager, accepted service.

Since the adjuster misplaced the summons and complaint, defendant remained unaware of the pendency of the lawsuit until March 10, 1980, when defendant's bank informed it that defendant's bank account had been attached by plaintiff. It was at this time that defendant first learned that plaintiff's counsel had filed a default judgment and that a writ of execution had been issued on the judgment for $36,392.06.

First, defendant argues that the default judgment should be set aside because service of the summons and complaint was defective under Rules 4(d)(3), (7) of the Federal Rules of Civil Procedure, and thus rendering the subsequent judgment void on jurisdictional grounds. This court, however, rejects this contention since it finds that service on defendant was properly executed in accordance with Rules 4(d)(3), (7).

Rule 4(d)(3) provides in relevant part: Service shall be made as follows:

.  .  .  .  .

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Rule 4(d)(7) provides in relevant part: (7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this Rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

■ Rule 4(d)(3) has been liberally construed by the courts and, as interpreted, does not require rigid formalism. To be valid, service of process is not limited solely to officially designated officers, managing agents or agents appointed by law for the receipt of process. Rather, "[r]ules governing service of process [are] to be construed in a manner reasonably calculated to effectuate their primary purpose: to give the defendant adequate notice that an action is pending. . . . [T]he rule does not require that service be made solely on a restricted class of formally titled officials, but rather permits it to be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive services.'" *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y.1977) (quoting *Montclair Electronics, Inc. v. Electra/Midland Corp.*, 326 F.Supp. 839 (S.D.N.Y.1971)).

Plaintiff's method of service of the summons and complaint was indeed "reasonably calculated" to alert defendants to the initiation of the suit. Mr. Syed, the adjuster served with the summons and complaint, can be categorized as a representative of defendant "well–integrated" into the organization and quite familiar with the formalities associated with the receipt of service of summonses and complaints. He had accepted service of summonses and complaints on behalf of defendant on at least two previous occasions (Pl. Exhs. L, M) in connection with his ordinary duties of receiving and investigating new claims against defendant. Furthermore, it may be inferred from the facts presented on this motion that Mr. Syed had easy access to Mr. Diamond, the claims manager officially authorized to accept service of process, since the two men are separated from each other only by Mr. Diamond's glass–walled office. In view of these facts, this court concludes that Mr. Syed was sufficiently acquainted with the procedure associated with receipt of service of process to render it fair and just for this court to imply authority on his part to receive service of the summons and complaint. Mr. Syed's familiarity with service of process negates any and all suspicion that the U. S. Marshal delivered the summons and complaint to a representative of defendant who had infrequent contact with summonses and complaints and whose unfamiliarity with service of process increased the risk of careless or improper handling. *See Goetz v. Interlake S. S. Co.*, 47 F.2d 753 (S.D.N.Y.1931).

■ Next, defendant argues that the default judgment should be set aside for the reason that the loss of the summons and complaint constitutes "excusable neglect" pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Rule 60(b)(1) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judg-

ment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

While Rule 60(b)(1) is designed to grant relief for the mistakes and excusable neglect of a party who seeks to vacate a default judgment, this remedy has been utilized by courts to rectify mistakes of attorneys but not those of clients. *Fischer v. Dover Steamship Co.*, 218 F.2d 682 (2d Cir. 1955); *Greenspun v. Bogan*, 492 F.2d 375 (1st Cir. 1974). "[T]he liberal construction is usually reserved for instances where error is due to failure of attorneys or other agents to act on behalf of their clients, not where the client's own internal procedures are at fault." *Id.* at 382. *See Horn v. Intelectron Corp.*, 294 F.Supp. 1153 (S.D.N.Y.1968).

In the case at hand, the adjuster's loss of the summons and complaint clearly cannot be ascribed to any carelessness on the part of defendant's counsel. The procedure for handling the receipt of summonses and complaints is clearly an "internal procedure" of defendant. The adjuster's loss of the summons and complaint is a mistake in the ordinary course of the internal operations of defendant's business and thus does not merit remedial relief pursuant to Rule 60(b)(1).[1]

■ Finally, defendant requests an inquest to determine the amount of damages for the cargo loss and damage, claiming that the judgment was not based upon a "sum certain" as required by Rule 55(b)(1) of the Federal Rules of Civil Procedure. It is well–established that a default judgment may be entered only for a "sum certain." A "sum certain" is a sum which is susceptible to reliable computation or determined by the court after an accounting. *See Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974); *Ace Grain Co. v. American Eagle Fire Ins.*, 11 F.R.D. 364 (S.D.N.Y.1951). Plaintiff's estimate of the cargo damage cannot be labelled as a "sum certain."

---

1. Defendant has also failed to show good cause for relief, under Rule 60(b)(6), from entry of the default judgment. *See International Controls*

*Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978).

Plaintiff's damage award is based upon a report of a surveyor who assigned percentages of damage from excessive heat to each batch of the cargo of pickled sheep skin. This estimate was arrived at by visual examination of the extent of damage to the cargo. This method of ascertaining the damage to cargo and arriving at a monetary estimation of the amount of damages is not a "sum certain" within the ambit of Rule 55(b)(1). It has been held that a surveyor's estimate as to the extent of cargo damage does not represent a liquidated sum certain suitable for the entry of a default judgment. "The surveyor's findings [with respect to the cargo damage] represent an opinion as to the value and other factors which the defendant is not required to accept or it is concluded thereby even though it retained the surveyor.... The claim, cargo damage under an insurance policy, is unliquidated and is not converted into one for a liquidated amount or a "sum certain" by a surveyor's report intended for adjustment or trial purposes. The defendant has the right to a judicial determination of the extent of the damages claimed by plaintiff and the appropriate method for determining this issue is either by the Court or upon a reference in accordance with Rule 55(b)(2)." *Ace Grain Co., supra* at 365–366.

In the instant case, the surveyor's estimate of the damage to the cargo is not a binding, final determination of damages for the purposes of entry of the default judgment. The court concludes that the default judgment entered in this action is not based upon a sum certain and, accordingly, vacates the default judgment to the extent of the damage award.

For the above stated reasons, defendant's motions under Rules 4(d)(3), (7) and 60(b)(1), (6) are denied. Defendant's request for an inquest to determine the amount of damages recoverable by plaintiff is granted.