## MARUBENI AMERICA CORPORATION, Plaintiff,

v.

## M.V. "KARIN BORNHOFFEN," her engines, boilers, etc.,

v.

## P.T. Trikora LLOYD and Partenreederei M.S. "Karin Bornhoffen," Defendants.

### No. 84 Civ. 1054 (LFM).

United States District Court, S.D. New York.

Sept. 18, 1984.

Healey & McCaffrey by Thomas H. Healey, New York City, for P.T. Trikora Lloyd.

---

Vincent, Berg, Russo, Marcigliano & Zawacki by Carl Ian Schwartz, New York City, for plaintiff.

## OPINION

MacMAHON, Senior District Judge.

Defendant, P.T. Trikora Lloyd, moves, pursuant to Rules 54(b) .and 60(b), Fed.R. Civ.P., to vacate the default judgment entered against it in this admiralty action for cargo damage on June 19, 1984.

■ Defendant first contends that the judgment entered in this action does not comply with Rule 54(b). Defendant's contention is erroneous. As required by that rule in cases involving multiple claims or parties, the court made an "express determination that there is no just reason for delay" in entering the judgment.

■ Defendant next asserts that it is entitled to the relief sought under Rule 60(b). It contends that its failure to respond to the complaint was the result of "excusable neglect" within the meaning of Rule 60(b), and that it has a meritorious defense to this action. *See* Wright & Miller, Federal Practice and Procedure §§ 2695 and 2697. We conclude that defendant has not shown excusable neglect, nor, for that matter, any justification for its failure to respond, and we therefore deny its motion to vacate.

This action was filed on February 14, 1984. Defendant's agent in New York, Kerr Steamship Corp., was served on February 21, 1984. Copies of the summons and complaint were sent to defendant's office in Indonesia and to Lamorte, Burns & Co., Inc., a representative of defendant which apparently handles claims of this type on defendant's behalf. In late March, defendant's time within which to answer having already expired, Lamorte contacted plaintiff regarding the claim. Although no stipulation was filed with the court, plaintiff agreed to an extension of defendant's time to answer until April 20, 1984. Defendant did not answer by that date and did not seek a further extension of time. Plaintiff waited until June 7, 1984 before

seeking a default judgment. There is no indication that defendant, or any of its representatives, took any steps whatsoever in relation to the pending lawsuit after March and prior to June 7.

Defendant's claims manager in New York, Budhi Suganda, avers in his affidavit that he was out of the country in February and March and that, as a result, he did not have actual notice of the lawsuit until July. Suganda totally fails to mention that there are three full months between March and July.

Defendant also asserts that plaintiff gave neither it nor the other defendants notice of its intention to seek a default judgment. Defendant, however, was not entitled to notice under the federal rules since it had not appeared in this action, *see* Rule 55(b)(2), Fed.R.Civ.P., and, in any event, we do not think defendant is in any position to complain given its conduct.

■ Finally, defendant argues that the parties were engaged in settlement negotiations during the relevant time period, and, therefore, plaintiff somehow acted improperly in pursuing a default judgment without notifying defendant. Plaintiff denies that there were any such negotiations. Furthermore, the fact of settlement negotiations would not excuse a defendant's failure to answer within the prescribed time, and defendant here did not even seek an extension of time past April 20.

It is obvious that defendant's failure to respond to this lawsuit should not be excused. Defendant has offered no explanation which can even remotely be considered "excusable." For example, there is no indication that defendant's attorneys were in any way at fault. *See, e.g., Insurance Co. of North America v. S/S "Hellenic Challenger,"* 88 F.R.D. 545, 548 (S.D.N.Y.1980). It does appear that defendant, for whatever reason, did nothing in April and May. It is not entitled to relief from the default. In light of this conclusion, we need not address defendant's contention that it has a meritorious defense to the action.

Accordingly, defendant P.T. Trikora Lloyd's motion to vacate the default judgment is denied in all respects.

So ordered.