**GIRLSONGS & WARNER BROS., INC., Plaintiff,**

v.

**Constance & Ezell STARKEY, Defendants.**

**No. C–84–1656 RFP.**

United States District Court, N.D. California.

Oct. 4, 1984.

On Application for Attorney Fees March 14, 1985.

Catherine P. Rosen, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for plaintiff.

Dennis Kollenborn, San Jose, Cal., for defendants.

## ORDER

PECKHAM, Chief Judge.

The defendants Constance and Ezell Starkey have moved to set aside the default judgment entered against them in this case on May 18, 1984. For the reasons set forth below, the court denies the defendants' motion.

## FACTS

The plaintiffs, on April 2, 1984, filed a complaint against Constance and Ezell Starkey alleging copyright infringements under the United States Copyright Act, 17 U.S.C. sections 101–810. The defendants are former owners of a disco in Santa Clara. The plaintiffs alleged that on April 16 and 17, 1983, unauthorized performances of copyrighted songs occurred at defendants' disco.

The plaintiffs served each defendant with a summons and a copy of the complaint on April 13, 1984 by substitute service. The defendants failed to respond in any way to the complaint, and on May 17, 1984, the plaintiffs requested an entry of default. The plaintiffs served the defendants with the request by mail that same day, and default was entered against the defendants on May 18, 1984.

On May 31, 1984, the plaintiffs filed their notice of motion and motion for entry of default judgment and served the defendants by mail. On July 2, 1984, at the hearing on plaintiffs' motion, this court entered a default judgment against the defendants for $2579.50 ($2000 in damages, $119.50 in costs, and $460 in attorneys fees). On July 16, 1984, a writ or execution was issued, and the writ was served on the escrow office at the Bank of America on July 23, 1984.

On July 24, 1984, the defendants moved to set aside entry of default and the default judgment.

## INTRODUCTION

Once a default judgment has been entered, Federal Rule of Civil Procedure rule 60(b) governs whether the court should set aside the judgment. While the decision to set aside a default judgment is within the trial court's sound discretion, *Madsen v. A.J. Bumb*, 419 F.2d 4, 6 (9th Cir.1969), the Ninth Circuit, in *Schwab v. Bullocks*, 508 F.2d 353, 355 (9th Cir.1974), set out three considerations a court should keep in mind when deciding to grant or deny a Rule 60(b) motion:

First, Rule 60(b) is remedial in nature and therefore must be liberally applied [citations omitted]. Second, default judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits [citations omitted]. Third, and as a consequence of the first two considerations, '[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.' [citations omitted].

Keeping these limitations in mind, the court nevertheless denies the defendants' motion.

## DISCUSSION

■ The defendants rely on F.R.C.P. rule 60(b)(1) *, which allows the court to set aside a default judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." To make their rule 60(b)(1) argument, defendants must show: 1) that they had no actual knowledge of the suit, and 2) that the neglect on their part that prevented them from acquiring actual knowledge was excusable. *See, e.g., Horn v. Intelectron Corp.*, 294 F.Supp. 1153, 1155 (S.D.N.Y.1968) (the court asked, whether the ... [defaulting defendants] had actual knowledge that this suit had been instituted, and if not, whether they were responsible for the lack of knowledge").

---

* The defendants, in their papers, also relied on rule 60(b)(4) which provides that a court may set aside a default judgment if "the judgment is void." The defendants alleged that the court had no jurisdiction over them because they never received personal service, and therefore the default judgment is void.

Apparently, at the time the defendants filed their motion to set aside the default judgment, the defendants were unaware that the plaintiffs had effected substitute service on them. At oral argument, the defendants did not contest the validity of the substitute service, which they would have had to do to challenge the validity of the court's jurisdiction over them. In the absence of an attack on the validity of the substitute service, then, the defendants' rule 60(b)(4) argument has no merit.

■ The defendants here argue that they had no actual knowledge of the proceeding against them. The only way they could have gotten actual notice of the proceeding was by picking up their mail at the disco, which they failed to do. The court will assume for purposes of the analysis that the defendants did not have actual knowledge of the suit. The court does not, however, find that the defendants have explained adequately their failure to pick up their mail to enable this court to find excusable neglect.

The defendants have three explanations to excuse their failure to pick up the mail or go to their business. First, they explain that the business was in the process of being sold, and therefore they just never went there to pick up their business mail. But, by their own statements in their papers, the defendants admit that the new owners did not take possession of the premises until May 16, 1984, almost a full month after the substitute service was made at their place of business. Thus, the sale did not necessarily interfere with the defendants' ability to go to the business and pick up the substitute service papers on April 13, 1984.

Furthermore, even if notices of other proceedings in this case were sent to the business after May 16, 1984, the defendants have no explanation of why their mail was not forwarded to them. Courts have deemed excusable those situations when third parties fail to properly forward mail, see, e.g., *Horn v. Intelectron Corp.*, 294 F.Supp. 1153, 1155 (S.D.N.Y.1968), but here the defendants apparently made no effort to have their mail forwarded. Defendants cannot just fail to pick up their mail or have it forwarded upon completing a sale, and expect a court to find excusable neglect. *See, e.g., Greenspun v. Bogan*, 492 F.2d 375, 382 (1st Cir.1974) ("[t]he liberal construction [of rule 60(b)] is usually reserved for instances where error is due to failure of attorneys or other agents to act on behalf of their clients, not where the client's own internal procedures are at fault"). *Insurance Co. of North American v. S/S "Hellenic Challenger,"* 88 F.R.D. 545, 548 (S.D.N.Y.1980) (when summons and complaint lost in defendants' internal mail handling procedure, court refused to find excusable neglect under rule 60(b)(1).

The defendants also present the fact that Mr. Starkey had health problems which prevented him from going to the business on a regular basis. This is certainly a valid excuse for not physically going to the business. But this does not explain why he did not have the mail forwarded, or why Constance Starkey, the other owner, did not then attend to the business mail.

Constance explains that she was out of town during April 10–21, during which time the substitute served was made. But, she did not ever go to the business upon her return and she did not arrange to have the business mail forwarded to her. These failures are not excused by her April trip, not as the court reads the term used in rule 60(b)(1).

Here the defendants were fully responsible for their failure to get their own business mail. This is not excusable neglect.

■ Even if it were a close question of whether the defendants' neglect was excusable, the defendants have not persuaded the court that the defendants have a meritorious defense, which would tip the balance in their favor.

Though not required by the language of rule 60(b), court have grafted on to the rule, the requirement that the defendant make some showing of a meritorious defense. "In the case of default judgments, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense." *In Re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978).

One court has defined the inquiry by saying, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the court or jury to find for the defaulting party," *United States v. Moradi*, 673 F.2d 725, 727

(4th Cir.1982). The problem here is that the defendants' proposed answer and counsel's oral representations do not give the court much in the way of a proferred theory of defense. The defendants plead a general denial on insufficient information and belief. A general denial without facts or affidavits to support the denial is not enough to establish a meritorious defense under rule 60(b)(1). *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir.1969), *Gomes v. Williams*, 420 F.2d 1364 (10th Cir.1970), *Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 84 (N.D.Ill.1981).

The defendants offer only one affirmative defense: that the defendants thought the disc jockey they hired had all the necessary licenses. The plaintiffs properly point out that the argument has essentially no force in copyright infringement suits. *See, e.g., Famous Music v. Bay State Harness Horse Racing, Etc.*, 554 F.2d 1213, 1214–15 (1th Cir.1977). *See also, Warner Bros., Inc. v. O'Keefe*, 468 F.Supp 16, 20 (D.Iowa 1977) (even when owner instructs performers not to play copyrighted work, defendant not relieved of liability if performers do play copyrighted material).

In the absence of a showing that the defendants would have a meritorious defense, the court feels it is within its discretion to refuse to grant the defendants' motion. As the Tenth Circuit noted, "[e]ven though the scope of discretion on such a motion is limited by the injunction to exercise it liberally, we cannot say that liberality should mean the practical demise of the requirement to show a meritorious defense," *In Re Stone*, 588 F.2d at 1322.

IT IS SO ORDERED.

## ON APPLICATION FOR ATTORNEY FEES

█ The plaintiffs have applied for an award of supplemental attorney's fees. These fees were incurred in connection with the defendants' motion to set aside the default judgment against them. The court finds the fees to be reasonable and grants the request.

## STATEMENT OF FACTS

The plaintiffs filed their complaint alleging copyright infringement under the U.S. Copyright Act, 17 U.S.C. sections 101–810, on April 2, 1984. The summons and complaint were served upon the defendants on April 13, 1984, pursuant to California Code of Civil Procedure section 415.20(a). The defendants failed to respond to the complaint, and on May 17, 1984 the plaintiffs requested an entry of default. The plaintiffs served the defendants with the request by mail that same day, and default was entered on May 18, 1984.

On May 31, 1984, the plaintiffs filed their notice of motion and motion for entry of default judgment and served the defendants by mail. On July 2, 1984, at the hearing on the plaintiffs' motion, this court entered a default judgment against the defendants for $2579.50 ($2000 in damages, $119.50 in costs, and $460.00 in attorney's fees). On July 16, 1984, a writ of execution was issued, and the writ was served on the escrow office at the Bank of America on July 23, 1984. On that same date, the defendants moved to set aside the entry of default and the default judgment.

## LEGAL ANALYSIS

The Copyright Act, 17 U.S.C. section 505, provides that in a suit for copyright infringement, a court may, in its discretion, award a reasonable attorney's fee to the prevailing party. The supplemental fee at issue here was incurred in connection with the defendants' motion to set aside the default judgment entered against them in the copyright infringment action brought by the plaintiffs.

The defendants argue that the fee of $2687.50 (based upon 21.5 hours of billed time) incurred in opposing the motion to set aside is excessive, particularly in relationship to the fee of $460.00 (based upon four hours of billed time) incurred in securing the default judgment. All of the items on the bill submitted with the request for the supplemental award, however, appear reasonable. The brief in opposition to the

motion to set aside properly dealt with issues requiring a greater investment of time and effort than did the motions for entry of default and default judgment.

The defendants also argue that the requested award should not be granted because of an inaccurate statement by the attorney for the plaintiffs in a declaration attached to the original motion for entry of default. The declaration submitted by the plaintiff's attorney stated inaccurately that the defendants had been personally served pursuant to California Code of Civil Procedure section 415.10, when in fact service had been effected by mail pursuant to California Code of Civil Procedure section 415.-20.

This court previously concluded that if the defendants did not have actual notice of the complaint against them it was due to their own inexcusable neglect in not picking up their mail at their place of business or having it forwarded to them. The suggestion by the defendants that the motion to set aside would not have been brought at all if not for the inaccurate statement by the plaintiffs' attorney is of doubtful validity. Even if the suggestion is valid, the court does not find the misstatement by the plaintiffs' attorney to be an adequate ground for denying the award of fees incurred primarily because of the defendants' inexcusable neglect as previously determined.

The requested award of supplemental attorney's fees of $2687.50 is GRANTED.

IT IS SO ORDERED.