IMPACT FINANCIAL SERVICES, Plaintiff-Appellee,
v.
KAM'AINA TERMITE & PEST CONTROL, INC., Defendant-Apellant
No. 27887
Intermediate Court of Appeals of Hawaii.
September 29, 2008.
On the briefs: Michael G.M. Ostendorp for Defendant-Appellant.
Robert E. Chapman Peter V. Lee Mary Martin (Clay Chapman Crumpton Iwamura & Pulice) for Plaintiff-Appellee.

MEMORANDUM OPINION
(By: Nakamura, Presiding Judge, Fujise and Leonard, J
In this debt collection matter, Defendant-Appellant Kama'aina Termite and Pest Control, Inc. (Kama'aina) appeals from two post-judgment orders, the Order Denying Defendant's Motion to Set Aside Default Judgment and Motion to Stay Garnishee Summons, filed on March 13, 2006 (Order Denying Set Aside), and the Order Denying Defendant's Motion to Reinstate the Motion to Set Aside Default Judgment, filed on April 26, 2006 (Order Denying Reinstatement), in favor of Plaintiff-Appellee Impact Financial Services (Impact), by the District Court of the First Circuit (District Court).[1] On appeal, Kama'aina attacks the validity of a default judgment on the ground that the process server improperly served process upon a Kama'aina office assistant, who Kama'aina asserts did not have authority to accept process. Kama'aina also argues that its Motion to Reinstate a second Motion to Set Aside Default Judgment (Motion to Reinstate)) should have been granted because the District Court should have separately considered the arguments raised in both of its motions to set aside the default judgment. Based on the relevant case law, statutes, rules of civil procedure, and the record in this case, we conclude that service on Kama'aina's was not improper. We also conclude that District Court's entry of the Order Denying Reinstatement was not an abuse of discretion.

I. RELEVANT FACTS
On November 21, 2005, Impact filed a Complaint against Kama'aina to recover the outstanding debt in the principal amount of $18,865.24. Hamilton C. Pieper (Pieper), a Deputy Sheriff, attempted service on November 29, 2005 at 10:45 a.m. on Kama'aina at its business address, 940-B Queen Street, Honolulu, Hawaii 96814. Pieper stated in a later declaration that "a woman who seemed to be in charge, told me to come back later and to serve Michael Miske." Pieper returned the next day. On the Return of Service, Pieper indicated that he served Kama'aina under special circumstances:
On 11/30/05 at 3:00pm, I served an adult female who appeared to be in charge. She was extremely evasive and refused to give me any information. I asked to speak to the manager, ofc. manager or any supervisor in charge and she refused. She did admit that her [sic] and a staff of 5 employees that were present worked for Kama'aina Termite. In addition, she had the largest and most prominent office there and conducted herself as the individual in charge of operations.
In Pieper's declaration, he stated that the woman he served was same woman he spoke to the day before. None of the employees would direct him to someone who would willingly accept service, the woman he served took charge of the situation both times Pieper attempted service, and this same woman refused to reveal her name after he served her the Complaint.
The person at Kama'aina who received the Complaint and Summons was later identified as Andrea Kaneakua (Kaneakua). Kaneakua signed a declaration on February 10, 2006, describing that a man entered her office and asked for "Mike." In her declaration, Kaneakua stated the following:
Pursuant to District Court Rules of Civil Procedure, Rule 4, a corporation must be served by delivering a copy of the Complaint and Summons to an officer, a managing or general agent or to any other agent authorized to receive service.
I saw a man open the door to my office and he asked me if I knew where Mike was. I informed him that I did not know which Mike he was referring to and the one Mike that I knew was not here. He stated that he wanted to serve some papers on Mike and that he was going to leave the papers with me. I told him that I was not authorized to accept service of any papers.
I asked him for a business card and his name but he refused to provide either. He insisted that I sign for the papers that he wanted to serve; once again I told him that I'm just an assistant and that none of us here is authorized to receive service. He then just threw the papers on my desk, and stated that "I'm just going to tell the judge that I left the papers with you" and turned around and left. Afterwards, I continued with my work and I don't know what happened to the papers that he had left. I am an Office Assistant, and I am not an officer, a managing or general agent or any other agent authorized to receive service.
Attached hereto as Exhibit "A" is a true and correct copy of the Hawaii DCCA Business Name Search results for Kama'aina Termite and Pest Control, Inc. and it shows Maydeen Stancil as the agent, president, vice president, secretary, treasurer and director. It does not show any "Mike".
In Kaneakua's declaration, she made no mention of referring Pieper to a Michael Miske (Miske) the day before nor did she mention anything about a previous attempt by Pieper to serve process.
One week after Kaneakua's declaration was submitted to the District Court, Miske filed a declaration in which he identified himself as the Chief Executive Officer of Kama'aina, identified Maydeen Stancil as the registered agent for Kama'aina, and stated: "The day that the process server attempted to serve the Complaint in this matter no officer, managing or general agent, or any other agent authorized to receive service of process was on the premises." Miske further stated:
4. I was not on the premises when the process server left the Complaint with the person not authorized to receive service.
5. I have spoken to all persons who would be authorized to receive service and none of them were present or were served with a copy of the Complaint and Summons.
6. Therefore, the Court has no personal jurisdiction and the Judgment is void.
Kama'aina did not file an answer or appear at the return date, and the District Court entered' a default on
December 12, 2005., On January 3, 2006, the clerk of the District Court entered a Default Judgment in favor of Impact and against Kama'aina for the total judgment amount of $22,263.04, which included the principal amount of $18,865.24, interest, attorney's fees, court costs, sheriff's fees, sheriff's mileage, and other costs. On January 31, 2006, the District Court entered four orders authorizing Impact to issue garnishee summonses upon American Savings Bank, Bank of Hawaii, Central Pacific Bank, and First Hawaiian Bank.
On February 10, 2006, Kama'aina filed a Motion to Set Aside Default Judgment, pursuant to District Court Rules of Civil Procedure (DCRCP) Rules 55(c) and 60(b) (First Motion to Set Aside). The First Motion to Set Aside relied entirely on the above-referenced declaration of Kaneakua and made no other argument. This motion was set for hearing on March 6, 2006.
On February 21, 2006, Kama'aina filed two motions, a Motion to Stay Garnishee Summons (Motion to Stay) and a second Motion to Set Aside Default, (Second Motion to Set Aside), along with two ex parte motions to shorten time for hearing. The Second Motion to set aside referred to DCRCP 60(b)(4), relied entirely on the above-referenced declaration of Miske, and made no other argument. Both of the February 21, 2006 motions were set for hearing on February 27, 2006.
At the hearing on February 27, 2006, the District Court noted that the Second Motion to Set Aside Default, which was then before the Court, was "based on the fact that you're claiming that an unauthorized person received the complaint." Counsel nevertheless attempted to present an "offer of proof" and argued, inter alia, that if the case went to trial, Miske (who was present at the hearing) would testify regarding the dispute obligation and that Kama'aina had meritorious defenses to the underlying dispute, as well as to the assignment to Impact. The District Court denied the Second Motion to Set Aside Default. The District Court also denied the Motion to Stay. On March 13, 2006, the District Court entered a written order that denied both the Second Motion to Set Aside and the Motion to Stay.
The First Motion to Set Aside was apparently then taken off of the District Court's March 6, 2006 calendar, without a hearing or further order. On March 16, 2006, Kama'aina filed the Motion to Reinstate. On the same day, Kama'aina filed a Supplemental Memorandum, in support of the First Motion to Set Aside, presenting for the first time, Kama'aina's defenses to the merits of Impact's claim.
On April 3, 2006, the District Court heard Kama'aina's Motion to Reinstate. The District Court informed Kama'aina that it viewed the Motion to Reinstate as "essentially a motion for reconsideration" of the District Court's earlier ruling on February 27, 2006 and explained to Kama'aina's counsel, "you don't get to file five different motions under five different subsections of the same rule asking for the same relief[.] The District Court stated that Kama'aina "had the opportunity to raise all these arguments" at the February 27, 2006 hearing and orally denied the Motion to Reinstate.
On April 10, 2006, Kama'aina filed a Notice of Appeal from the Order Denying Set Aside. On April 26, 2006, the District Court entered the Order Denying Reinstatement. On May 26, 2006, Kama'aina filed a second Notice of Appeal from the Order Denying Reinstatement.

II. POINTS OF ERROR RAISED ON APPEAL
Kama'aina seeks appellate review based on two alleged points of error:
1. The District Court abused its discretion when it failed to set aside the Default Judgment for improper service; and
2. The District Court abused its discretion in denying the Motion to Reinstate, without first hearing the merits of Kama'aina's defense.

III. STANDARDS OF REVIEW
A trial court's ruling on a motion to set aside default judgment based on Hawai`i Rules of Civil Procedure (HRCP) Rule 60(b)[2] is reviewed for an abuse of discretion. Citicorp Mortgage, Inc. v. Bartolome, 94 Hawaii 422, 428, 16 P.3d 827, 833 (App. 2000) (citation omitted); see HRCP Rule 55(c). A trial court abuses its discretion when it has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Ass'n of Home Owners of Kai Nui Court ex rel. Bd. of Directors v. City and County of Honolulu, 118 Hawaii 119, 121, 185 P.3d 867, 869 (App. 2008) (citation and internal quotation marks omitted).
The Hawai`i Supreme Court has held that "defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on-the merits." Rearden Family Trust v. Wisenbaker, 101 Hawai`i 237, 254, 65 P.3d 1029, 1046 (2003) (citations and internal quotation marks omitted).
Hawai`i courts follow the test promulgated in BDM, Inc. v. Sageco. Inc., 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976) to determine whether to set aside a default judgment:
a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.
Citicorp Mortgage, Inc., 94 Hawai`i at 438, 16 P.3d at 843. Therefore, if a movant fails to meet any one prong of the test, a trial court does not abuse its discretion in refusing to set aside a default `judgment. Id. at 439, 16 P.3d at 844. Before applying the BDM, Inc. test, however, it must first be decided that the entry of default judgment was not the result of an abuse of discretion. Long v. Long, 101 Hawai`i 400, 407, 69 P.3d 528, 535 (App. 2003). "Otherwise, a court could impose the BDM, Inc. burden upon the defendant simply by abusing its discretion and entering a default against the defendant." Id.
However, with respect to a motion under HRCP Rule 60(b)(4),[3] alleging that a judgment is void, the determination of whether a judgment is void is not a discretionary issue. It has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law.
Citicorp Mortgage, Inc., 94 Hawai`i at 428, 16 P.3d at 833 (citations, brackets, and internal quotation marks omitted). Therefore, "in the sound interest of finality, the concept of void judgment must be narrowly restricted." Id.
The Order Denying Reinstatement will be reviewed under the same standard that we would apply to review an order on a motion for reconsideration, which is for an abuse of discretion. See Ass'n of Home Owners of Kai Nui Court, 118 Hawai`i at 121, 185 P.3d at 869.

IV. DISCUSSION

A. The Order Denying Set Aside
In the Second Motion for Set Aside, Kama'aina argued exclusively that the default judgment was void pursuant to DCRCP Rule 60(b)(4) because of Impact's alleged failure to effectuate proper service of process as required under DCRCP Rule 4(d)(3) and Hawaii Revised Statutes (HRS) § 414-64 (a) (2004).[4] Kama'aina did not submit any affidavits or other evidence of a meritorious defense.[5] We must consider the District Court's exercise of its discretion in light of the record before the court.
DCRCP Rule 4(d)(3) provides that a summons and complaint shall be served together upon a domestic corporation:
by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
When the defendant belongs to a class referred to in DCRCP Rule (4) (d) (1) or (3), e.g. a domestic corporation, "it is also sufficient if the summons and complaint are served in the manner prescribed by any statute." DCRCP Rule 4(d)(8) (emphasis added). Service of process upon a corporation is governed by HRS § 414-64, which provides:
(a) Service of any notice or process authorized by law issued against any corporation, whether domestic or foreign, by any court, judicial or administrative officer, or board, may be made in the manner provided by law upon any registered agent, officer, or director of the corporation who is found within the jurisdiction of the court, officer, or board; or if any registered agent, officer, or director cannot be found, upon the manager or superintendent of the corporation or any person who is found in charge of the property, business, or office of the corporation within the jurisdiction.
(b) If no officer, director, manager, superintendent, or other person in charge of the property, business, or office of the corporation can be found within the State, and in case the corporation has not filed with the [director of commerce and consumer affairs] pursuant to this chapter, the name of a registered agent upon whom legal notice and process from the courts of the State may be served, and likewise if the person named is not found within the State, service may be made upon the corporation by registered or certified mail, return receipt requested, addressed to the corporation at its principal office. Service using registered or certified mail is perfected at the earliest of.
(1) The date the corporation receives the mail;
(2) The date shown on the return receipt, if signed on behalf of the corporation; or
(3) Five days after its deposit in the United States mail, as evidenced by postmark, if mailed postpaid and correctly addressed.
(c) Nothing contained herein shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a corporation in any other manner permitted by law.
(Emphasis added.)
Kama'aina argues that Impact did not comply with DCRCP Rule 4(d)(3) because it did not serve process on an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Kama'aina further argues, on appeal, that the service in this case failed to satisfy HRS § 414-64(a) because Kaneakua, an office assistant for Kama'aina, was not a person in charge of the property, business, or office of the corporation. Appellate courts take a dim view of arguments raised for the first time on appeal, particularly when used to argue that the lower court abused its discretion. See HRAP Rule 28(b)(4) (iii) (noting that an appellant's opening brief shall state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court agency"); see also Hawaii Ventures LLC v. Otaka, Inc. 114 Hawai`i 438, 500, 164 P.3d 696, 758 (2007) (citation omitted); HRS § 641-2 (Supp. 2006) ("The appellate court . . need not consider a point that was not presented in the trial court in an appropriate manner.").
In this case, Pieper's Return of Service serves as prima facie evidence of the events which occurred at the time of service:
The [return of service] . . . shall be prima facie evidence of all it contains, and no further proof thereof shall be required unless either party desires to examine the officer or person making service, in which case the officer or person shall be notified to appear for examination.
HRS § 634-22; Tropic Builders, Ltd. v. Naval Ammunition Depot Lualualei Quarters, Inc., 48 Haw. 306, 313, 402 P.2d 440, 445 (1965). However, the Return of Service may be challenged, as was done in this case. See Tropic Builders, Ltd., 48 Haw. at 313, 402 P.2d at 445.
As discussed above, Pieper served an "adult female who appeared to be in charge." He observed Kaneakua to have "the largest and most prominent office" and "conducted herself as the individual in charge of operations" on both days that he visited Kama'aina's place of business. Pieper's statements to this effect, in the return of service and his later declaration, are uncontroverted. Neither Kaneakua nor Miske denied that Kaneakua was in fact the person found to be in charge of Kama'aina's property, business, or office at the time of service. Indeed, both of their declarations focused exclusively on Kaneakua's lack of a titled position or express "authority" to accept service on Kama'aina's behalf.
We reject the rigid formulism that Kama'aina would have us apply to service of process in this case. It is clear to this court that, under HRS § 414-64, a corporation that is open for business, with employees present and apparently conducting business at the corporation's place of business, cannot avoid service by simply declaring that no one is available to accept service, refusing to identify who is in charge, and providing no further information to the process server. On the contrary, HRS § 414-64 provides that service can be made upon "any person who is found in charge of the property, business, or office of the corporation within the jurisdiction."
This view is consistent with decisions in other jurisdictions that have considered similar service issues. See e.g., Sellens v. Telephone Credit Union, 189 F.R.D. 461, 465 (D. Kan. 1999) (recognizing proper service of process where person served was apparently in charge of office); Gibble v. Car-lene Research, Inc. 67 Cal. App. 4th 295, 313, 78 Cal. Rptr. 2d 892, 903 (Cal. Ct. App. 1998) (recognizing service of process on person who was ostensibly, even if not actually, a corporate officer as sufficient); Patriot Commercial Leasing Co. v. Jerry Enis Motors, Inc., 928 So. 2d 856, 866 (Miss. 2006) (holding that decisive factor in determining whether an individual is "in charge of the place of business" is whether there is a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it); Nature's First Inc. v. Nature's First Law, Inc., 436 F. Supp. 2d 368, 374 (D. Conn. 2006). With regard to FRCP Rule 4(h), the Nature's First Inc. court stated:
The primary purpose of the federal process rule is to provide the defendant with notice that an action has been filed against it. Service therefore should be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.
Id. (citation omitted; emphasis added). The Nature's First Inc. case also cited Insurance Company of North America v. S/S Hellenic Challenger, 88 F.R.D. 545, 548 (S.D.N.Y. 1980), where the court held that although the person served was not authorized to receive service and had also misplaced and lost the summons and complaint, like Kaneakua in the instant case,[6] service had been properly effected since the person served was a "representative of defendant well-integrated into the organization and quite familiar with the formalities associated with the receipt of service of summonses and complaints." Id. (internal quotation marks omitted).
In sum, we conclude that service on Kama'aina through Kaneakua was fair and reasonably calculated to give Kama'aina notice of the action filed against thus comporting with due process, as well as complying with HRS § 414-64(a). The District Court did not abuse its discretion when it denied the Second' Motion to Set Aside based on the allegedly improper service of process.[7]

B. The Motion to Reinstate
Kama'aina argues that the District Court abused its discretion when it denied the Motion to Reinstate because the First Motion to Set Aside, which was the subject of the Motion to Reinstate, cited DCRCP 55(c) and 60(b), but the Second Motion to Set Aside cited DCRCP 60(b) (4). This argument is without merit. When it was filed, the First Motion to Set Aside was supported only by, the declaration of Kaneakua, which was clearly offered to support the argument of improper servicethe same argument as set forth in the Second Motion to Set Aside. It was not until after the District Court denied the Second Motion to Set Aside (which was heard on shortened time at Kama'aina's request), and after the date initially set for hearing on the First Motion to Set Aside (which hearing had already been taken off the calendar after the court's ruling on the Second Motion to Set Aside), that Kama'aina filed a "Supplemental Memorandum" in support of the First Motion to Set Aside, which memorandum argued for the first time that Kama'aina had a meritorious defense to Impact Financial's claim.
The District Court did not abuse its discretion when it considered the Motion to Reinstate, filed concurrently with the Supplemental Memorandum, as a motion for reconsideration of its prior ruling on the issue of setting aside the default. It is well established that the "purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992) (citations omitted). There is nothing in the record to suggest that the evidence and arguments presented in the Supplemental Memorandum could not have been presented in the Second Motion to Set Aside. Indeed, it was already Kama'aina's second motion to set aside the default judgment. Moreover, Kama'aina has failed to provide any authority supporting the serial filing of motions under different subsections of DCRCP 60(b). While it is preferable for litigated disputes to be resolved on the "merits" of the parties' respective positions, courts cannot be expected to allow parties to re-argue their cases based on evidence and arguments that could have been, but which were not, presented in the first instance.

V. CONCLUSION
For these reasons, the District Court's Order Denying Set Aside, filed on March 13, 2006, and the District Court's Order Denying Reinstatement, filed on April 26, 2006, are affirmed.
NOTES
[1] The Honorable Faye M. Koyanagi decided the Order Denying Set Aside and the Honorable Hilary Benson Gangnes decided the Order Denying Reinstatement.
[2] DCRCP Rule 60(b) is identical to HRCP Rule 60(b). Thus, a ruling on a motion made pursuant to DCRCP Rule 60 is subject to the same standard of review as on a ruling made under HRCP Rule 60. See Casumpanq v. ILWU, Local 142; 94 Hawaii 330, 337, 13 P.3d 1235, 1242 (2000) (applying same standard of review to application of HRCP 12(b)(1) and DCRCP 12(b)(1) because the two rules are substantially identical).
[3] In relevant part, DCRCP Rule 60(b) provides several grounds for relief from a judgment or order:

RULE 60. RELIEF FROM JUDGMENT OR ORDER.
. . . .
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
(Emphasis added.)
[4] In order for a trial court to exercise personal jurisdiction over a defendant, the defendant must be served with a copy of the summons, and the complaint pursuant to HRCP Rule 4(d). Citicorp Mortgage, Inc., 94 Hawaii at 430, 16 P.3d at 835. A judgment binding on the defendant "may not be rendered in an action classified as in personam without some form of personal service sufficient to satisfy the requirements of due process of law." Romero v. Star Markets, Ltd., 82 Hawaii 405, 412, 922 P.2d 1018, 1025 (1996) (citation omitted). The general rule in Hawai'i is that due process requires notice reasonably calculated to apprise the defendant of the action and thus afford the defendant an opportunity to defend. Citicorp Mortgage, Inc., 94 Hawai`i at 432, 16 P.3d at 837.
[5] At the hearing on the Second Motion to Set Aside, which was expedited at Kama'aina's request, Kama'aina argued that it could provide evidence to support a defense on the merits, but clearly had not done so at that time.
[6] In her declaration, Kaneakua made averments regarding the District Court's service rule, as well as regarding Kama'aina's agent per its DCCA registration, apparently indicating her familiarity with these matters. The fact that Kaneakua informed the process server that "none of us is authorized to accept service," referring to all of the Kama'aina employees present at the time of service, coupled with her reported evasiveness and refusal to cooperate with the process server could be viewed not only as further confirmation of her knowledge of service-related issues and Kama'aina's management, but possibly even an attempt to thwart or delay service.
[7] In conjunction with its argument regarding the Order Denying Set Aside, Kama'aina argues that the District Court erred in failing to stay the garnishment orders because it was not given prior notice and an opportunity to be heard. This argument is waived because Kama'aina failed to identify it as a point on appeal. See HRAP Rule 28(b)(4). In addition, this argument is meritless. Kama'aina moved for an expedited hearing on both the garnishment issue and the set aside issues presented in its Second Motion to Set Aside. The District Court considered and denied its request to set aside the default judgment, prior to denying the request to stay its execution. Kama'aina had no "due process" right to be further heard on arguments not presented in its written motions prior to Impact's execution on the judgment.