H. HACKFELD & Co. *vs.* E. BAL ET AL.

---

#### ON EXCEPTIONS.

AN AGREEMENT to discharge the defendants' indebtedness in consideration of the surrender by defendant of all his property to plaintiffs is an *accord*, and if executed by delivery of the property there is a *satisfaction* which is a complete defense to an action to recover the indebtedness.

Opinion of the Court by JUDD, C. J.

Motion to set aside verdict as contrary to law and evidence.

This is an action of assumpsit to recover the sum of

$38,881.68, balance on a book account. The defendants had a sugar plantation on the Island of Molokai, of which plaintiffs were agents, and had advanced during a series of years a large sum of money to defendants.

The defendants were unable to pay their indebtedness, and plaintiffs were unwilling to make further advances, and a sale of the plantation was agreed upon, the money arising from the sale to be paid to plaintiffs, and on a surrender of all their property; the defendants were to be discharged from their indebtedness. This agreement constituted an "accord" between the parties, that is, "an agreement between the parties to substitute some equivalent in satisfaction of a claim from one to the other." Story on Contracts, p. 982.

Thus far there is no dispute about the facts of the case. In order to constitute a good defense in assumpsit there must also be satisfaction, that is, the substituted agreement must be executed. "A mere agreement to do a future act is an accord without satisfaction which is no defense," *id.*, and Com. Digest, Accord B., 4. See also 5 Johnson, 385, and also Anderson *vs.* Highland Turnpike Company, 16 Johnson, 85, where it is held that an agreement to accept a collateral thing in satisfaction of a pre-existing debt, is executed by a delivery to a person appointed by the party to receive it, and is a good accord and satisfaction.

It is admitted that the agreement was carried out so far as the sale of the plantation was concerned. This sale could not have taken place without defendants consent except upon foreclosure at great cost and loss of time, and this consent constituted a valuable consideration to the plaintiffs, and after the sale there was no way by which Bal could be replaced in his former position. The proceeds of this sale reduced the indebtedness from $78,881.68 to the amount sued for; but plaintiffs claimed that certain cattle were not delivered by defendants and so declined to sign the formal release.

The correspondence between the parties bearing upon this

point as well as considerable testimony was submitted to the jury. The letter of H. Hackfeld & Co. to Bal, of June 13, 1881, says " after having received the six steers from you we will be ready to sign your release." The letter of June 27, 1881, from same to same says plaintiffs had requested Mr. Meyer to receive the steers. The letter of July 25, 1881, from same to same asks defendant to account for four head of cattle, and the last letter on the files, August 17, 1881, refers the matter to Mr. Meyer for settlement.

Mr. Bal testifies that he had four head of cattle from Meyer's ranch, "one broke his leg and the rest broke out and ran back to Meyer's ranch, and I never sold them to Wong Leong & Co." As Mr. Meyer was the person to whom plaintiffs wished them delivered, the jury very properly inferred that this was equivalent to a delivery. Mr. Bickerton testifies that the senior member of the plaintiffs' firm, Mr. J. C. Pfluger, after repeated conversations, finally expressed himself as satisfied that the cattle in dispute were in the possession of Meyer, and that Meyer had so written him, and that as Bal had given up everything, plaintiffs were now ready to give him their release. But Mr. Glade testifies that the four head in dispute had never been delivered. Subsequent information received just before Mr Pfluger went to Germany that Bal was offering one hundred head of cattle at auction, induced him to order that Bal should not be let off, and this suit followed and the cattle were on mesne process attached.

The testimony sent up in the bill of exceptions gives no information, as to whether the matter as to the ownership of this one hundred head of cattle was gone into before the jury. The question for the jury to consider was, whether Bal had in fact executed the agreement to deliver up all his property and thus make satisfaction, and that it had been accepted as such by plaintiffs.

Upon a review of the whole case we find that there was evidence to sustain the view the jury took of the matter, and

cannot say that the verdict was against the evidence or the weight of evidence. The charge of the Court, it is to be observed, was not excepted to. New trial refused.

S. B. Dole for plaintiffs.

R. F. Bickerton for defendants.

Honolulu, May 22, 1882.