922 P.2d 1018

Patricia S. ROMERO, Petitioner–
Appellee,

v.

STAR MARKETS, LTD., Liberty Mutual
Insurance Companies, a Massachusetts
corporation, Respondents–Appellants,

and

John Does 1–5, Doe Corporations 1–5, Doe
Partnerships 1–5, Roe Non–Profit Corporations 1–5, Roe Governmental Agencies 1–5, Respondents.

Nos. 17466, 17720.

Intermediate Court of Appeals of Hawai'i.

July 18, 1996.

Kurt A. Gronau and Glenn N. Taga (Law Offices of Kurt A. Gronau, of counsel), on the briefs, Honolulu, for respondents-appellants.

Timothy P. McNulty (Law Office of Timothy P. McNulty, of counsel), on the brief, Kihei, Maui, for petitioner-appellee.

Before BURNS, C.J., and ACOBA and KIRIMITSU, JJ.

ACOBA, Judge.

On December 24, 1992, Petitioner–Appellee Patricia S. Romero (Petitioner) filed an ex parte motion for entry of judgment in the circuit court against her employer, Star Markets, Ltd. (Star Market) and its insurer Liberty Mutual Insurance Co. (collectively Respondents) under Hawai'i Revised Statutes (HRS) §§ 386–91(a) (1993) and 386–124 (1993).[1] HRS § 386–91(a), part of the workers' compensation laws, authorizes the circuit court to render judgments enforcing decisions of the director of the Department of Labor and Industrial Relations (DLIR) or the appellate board of the DLIR (the Labor Appeals Board). HRS § 386–91(a) provides in relevant part as follows:

(a) *Any party in interest* or the director *may file in the circuit court* in the juris-

---

1. Hawai'i Revised Statutes (HRS) § 386–124 (1993) sets forth the following:

§ **386–124 The insurance contract.** Every policy of insurance issued by an insurer of an employer referred to in section 386–1 which covers the liability of the employer for compensation shall cover the entire liability of the employer to the employer's employees covered by the policy or contract, and provide for the deductible under section 386–100, at the option of the insured. *The policy also shall contain a provision setting forth the right of the employees to enforce in their own names either by filing a separate claim or by making the insurance carrier a party to the original claim,* *the liability of the insurance carrier in whole or in part for the payment of the compensation.* Payment in whole or in part of the compensation by either the employer or the insurance carrier shall, to the extent thereof, be a bar to the recovery against the other of the amount so paid.

All insurance policies shall be of a standard form, the form to be designated and approved by the insurance commissioner. No policy of insurance different in form from the designated and approved form shall be approved by the director.

(Emphasis added.)

diction in which the injury occurred, a certified copy of:

. . . .

(3) A decision of the appellate board assessing penalties, or awarding compensation or other relief, including attorneys fees, from which no appeal has been taken within the time allowed therefor[.]

. . . .

*The court shall render a judgment in accordance with the decision and notify the parties thereof. The judgment shall have the same effect,* and all proceedings in relation thereto shall thereafter be the same, *as though the judgment had been rendered in an action duly heard and determined by the court,* except that there shall be no appeal therefrom.

(Emphases added.)

The memorandum in support of the motion claimed that the Labor Appeals Board had approved a compromise and release agreement on July 20, 1992 awarding Petitioner $25,637.44, that the compromise was a full and final settlement of a claim Petitioner had against Respondents, and that $3,399.31 was the remaining unpaid balance on the settlement.

The motion was not served on Respondents.

An order granting the ex parte motion for entry of judgment dated December 24, 1992 was filed. A judgment entered against Respondents "pursuant to HRS § 386–91 in the sum" of $3,399.31 and "in favor of [Petitioner] together with allowable interest, fees and costs" dated December 24, 1992 was filed.[2]

On January 19, 1993, Petitioner filed an ex parte motion for issuance of garnishee summons after judgment. An order for issuance of garnishee summons dated January 19, 1993 was filed.

On February 17, 1993, a garnishee order was filed ordering garnishee Bank of Hawai'i to pay Petitioner the sum of $3,399.31.

On March 2, 1993, Petitioner filed a satisfaction of judgment which also released and discharged garnishee Bank of Hawai'i.

On May 3, 1993, Respondents filed a motion to set aside judgment. The motion maintained that (1) the failure to serve the ex parte motion for entry of judgment on Respondents voided the judgment rendered against them for lack of *in personam* jurisdiction, (2) Petitioner was not entitled to any recovery under the doctrine of accord and satisfaction, and (3) the motion was frivolous, and Respondents were, thus, entitled to attorneys' fees.

Petitioner's memorandum in opposition to Respondents' motion to set aside judgment argued that HRS § 386–91 did not require notice to Respondents, and that the court acquired personal jurisdiction when Respondents joined their defense of lack of personal jurisdiction with the "voluntary affirmative claim" of accord and satisfaction and their request for attorneys' fees. Petitioner further contended that there was no accord and satisfaction, and that an award of attorneys' fees would be inappropriate because the motion was not filed in bad faith.

On June 9, 1993, the court determined that it had jurisdiction over Respondents and denied the motion to set aside judgment. The court also orally rejected Respondents' defense of accord and satisfaction and denied Respondents' request for attorneys' fees.[3]

2. While the judge's signatures on both the December 24, 1992 order granting the ex parte motion for entry of judgment and the entry of judgment were stamped with the circuit court seal, the documents do not bear a clerk's "filed" date stamp. However, the two documents were attached to Petitioner's ex parte motion for entry of judgment which was stamped as "filed" on December 24, 1992.

3. At the June 9, 1993 hearing on the motion to set aside judgment, the court, after hearing arguments from both sides, found that it had jurisdiction over this matter, but did not enunciate the

specific basis for its determination. The court also ruled on Respondents' accord and satisfaction defense and attorneys' fees claim.

THE COURT: Now, as to the matter of jurisdiction, from what's been indicated in cases herein and the facts that we have, the Court is satisfied that as to the matters of jurisdiction this Court has jurisdiction. Now, in fact, as to whether the matters should be set aside on the basis of the claim that [Respondents] have, notwithstanding that the Court has jurisdiction and address those issues that's been presented, I believe the Court can now still address the

On June 14, 1993, Petitioner moved to enter the judgment *nunc pro tunc* as of the date of Respondents' motion to set aside judgment on the basis that the court had obtained *in personam* jurisdiction by virtue of the matters stated in Respondents' motion to set aside the judgment.

On July 6, 1993, Respondents filed a memorandum in opposition to Petitioner's motion to enter judgment *nunc pro tunc* on the grounds that (1) the "court never acquired jurisdiction over [Respondents] so as to render a binding judgment," (2) the doctrine of *nunc pro tunc* and the Hawai'i Rules of Civil Procedure (HRCP) Rule 60(a) did not apply, and (3) the clerk of the court and Petitioner failed to "afford notice of the entry of judgment" as required under HRCP Rule 77(d).

On July 6, 1993, the court denied Respondents' motion to set aside judgment.

On August 27, 1993, the court granted Petitioner's motion to amend judgment *nunc pro tunc*. On September 22, 1993, the circuit court issued another order denying Petitioner's motion to enter judgment *nunc pro tunc*. This order directly contradicted the August 27, 1993 order.

On September 22, 1993, Respondents filed their notice of appeal, in Appeal No. 17466, from the order granting Petitioner's motion to amend judgment *nunc pro tunc*.

On November 8, 1993, Respondents moved in the Hawai'i Supreme Court for an order remanding the case to the circuit court for purposes of clarifying the conflicting orders of August 27, 1993 and September 22, 1993. The supreme court remanded the case for clarification.

On November 18, 1993, Respondents filed their motion for clarification of the orders relating to the entry of the judgment *nunc pro tunc*. On November 30, 1993, Petitioner filed its opposition to Respondents' motion for clarification. On December 29, 1993, the circuit court granted Petitioner's motion to

enter judgment *nunc pro tunc*, and vacated and rescinded the order denying Respondents' motion to enter judgment *nunc pro tunc* filed on September 22, 1993. No hearing was held on the motion for clarification.

On January 3, 1994, a judgment *nunc pro tunc* to December 11, 1992 was filed against Respondents pursuant to HRS § 386-91 in the sum of $3,399.31 and in favor of Petitioner together with allowable interest, fees and costs.

On January 12, 1994, Respondents filed their notice of appeal in Appeal No. 17720 from the *nunc pro tunc* judgment filed on January 3, 1994.

On February 4, 1994, the supreme court consolidated Appeal Nos. 17466 and 17720 under Appeal No. 17466.

We vacate the *nunc pro tunc* judgment and remand the case with instructions to the circuit court to enter an order granting Respondents' motion to set aside the *nunc pro tunc* judgment.

## I.

On appeal, Respondents argue that the lower court erred when it entered the January 3, 1994 *nunc pro tunc* judgment because the court never acquired personal jurisdiction over Respondents. Because Petitioner did not serve Respondents with the motion and the court did not notify Respondents of the judgment, Respondents assert that they were denied due process. In opposition, Petitioner contends that Respondents' "active[ ] participat[ion] in the court's hearing on the merits of its purported defense[ ]" of accord and satisfaction and their request for attorneys' fees resulted in a waiver of their defense of lack of jurisdiction. In response, Respondents deny they "present[ed] any affirmative defenses for adjudication," and argue that their request for attorneys' fees

matter of the attorneys fees and the matter of whether in fact there is a dispute or not a dispute.

. . . .

As to the matter of the sanctions, the Court is going to deny the matter of sanctions as well. And that being the case, the Court would—is

satisfied, and as indicated, make a determination that this Court has jurisdiction. And the matter of accord and satisfaction is not in existence, what's [sic] been indicated as well. And deny the matter of sanctions. You will bear [sic] an order accordingly.

should not be treated as a "consent to personal jurisdiction."

## II.

The statutory language and the legislative history of HRS § 386–91 are silent with respect to the notice, if any, which must be served upon parties affected by a judgment rendered pursuant to HRS § 386–91(a)(3). On its face, however, the statute provides for enforcement of a decision by a judgment obtained through a circuit court. Enforcement of a Labor Appeals Board decision "assessing penalties, or awarding compensation or other relief" under the workers' compensation law is, by definition, civil in nature. HRS § 386–91(a).

### A.

■ The HRCP govern proceedings commenced in circuit court which are civil in nature. HRCP Rule 1 states the following with respect to civil proceedings in circuit court:

**Rule 1. SCOPE OF RULES.** *These rules govern the procedure in the circuit courts of the State in all suits of a civil nature* whether cognizable as cases at law or in equity, with the exceptions stated in [HRCP] Rule 81.[4] They shall be construed to secure the just, speedy, and inexpensive determination of every action.

(Emphasis and footnote added.) Thus, a request to the circuit court to render a judgment pursuant to HRS § 386–91 must comply with the HRCP.

■ There is only "one form of action" under the HRCP, and it is designated as a "civil action." HRCP Rule 2.[5] A "civil action" under the rules is commenced by the filing of a complaint. HRCP Rule 3. Thus, Petitioner's "ex parte motion" should have been filed as a complaint. HRCP Rule 7.[6] Petitioner's December 24, 1992 ex parte motion for entry of judgment is the equivalent

of a complaint because it "sets forth a claim for relief ... in a short and plain statement ... showing that the pleader is entitled to relief, and demands [ ] judgment for the relief to which he [or she] deems himself [or herself] entitled." HRCP Rule 8(a); *see also Black's Law Dictionary* 285 (6th ed.1992). Construing Petitioner's motion so "as to do substantial justice," we treat it as a complaint. HRCP Rule 8(f).

HRCP Rule 4 provides that a complaint and a summons to answer the complaint shall be served on the opposing parties or defendants.

**Rule 4. PROCESS.**
**(a) Summons: Issuance.** Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to a person authorized to serve process. Upon request of the plaintiff separate or additional summons shall issue against any defendants.

. . . .

**(d) Same: Personal Service.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary.

The rule requires service upon corporations such as Respondents in the following manner:

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

HRCP Rule 4(d)(3).

Despite the requirement for service of the initial pleading under HRCP Rule 4, Peti-

---

**4.** Relief sought pursuant to HRS § 386–91(a) (1993) is not exempted from the provisions of Hawai'i Rules of Civil Procedure (HRCP) under HRCP Rule 81.

**5.** "There shall be one form of action to be known as a 'civil action.'" HRCP Rule 2.

**6.** "No other pleading" is allowed under the HRCP except those pleadings specified in HRCP Rule 7. HRCP Rule 7.

tioner failed to serve Respondents with her motion and summons.

The Hawai'i Supreme Court has held that the circuit court "lack[s] jurisdiction over the person of the [defendant]" in a proceeding where no summons was issued and served on the defendant as required by HRCP Rule 4. *In re Smith*, 68 Haw. 466, 471, 719 P.2d 397, 401 (1986). Reversing and dismissing the action against the defendant because the defendant was never served with a summons, the *Smith* court held that HRCP Rule 4 mandates that a summons be issued and served in civil actions. *Id.*

Moreover, the Rules of the Circuit Courts of the State of Hawaii [Hawai'i] (RCC) Rule 5 states that all pleadings and papers in civil actions must be served pursuant to the HRCP:

**Rule 5. SERVICE OF PAPERS AND PROOF THEREOF.**

**(a) Service Required.** *In all civil actions, pleadings and papers shall be served as provided in the Hawaii Rules of Civil Procedure.*

**(b) Proof of Service.** Proof of service may be by written acknowledgment of service, by affidavit of the person making service, or by any other proof satisfactory to the court, unless otherwise provided by law or by the Hawaii [Hawai'i] Rules of Civil Procedure. *A party who has been prejudiced by failure to receive due notice or to be served, . . . may apply to the court for appropriate relief.*

(Emphases added.) The circuit court rules clearly require that all pleadings and papers in *"all"* civil actions . . . shall be served" according to the HRCP, and a failure to serve pleadings entitles "[a] party who has been prejudiced" to "appropriate relief." RCC Rule 5(b) (emphasis added).

Accordingly, the *nunc pro tunc* judgment was void because Petitioner failed to serve Respondents with the motion and a summons as required under HRCP Rule 4 and RCC Rule 5. *Cf. In re Smith, supra.*

### B.

■ The failure to serve Respondents also constitutes a violation of Respondents' rights to due process.

The due process clauses of the United States and Hawai'i Constitutions hold that, "[n]o person shall be deprived of life, liberty, or property without due process of law." Haw. Const. art. I, § 5; U.S. Const. amend. XIV, § 1.

■ "[T]he requirement of reasonable notice must be regarded as part of the due process limitations on the jurisdiction of a court." 4 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1074, at 456 (2d ed. 1987) (4 *Wright & Miller*) (footnote omitted). Thus, "[t]o acquire jurisdiction over the person, a court must serve on the person a document, 'such as a summons, notice, writ, or order.'" *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995) (citation omitted). "Such formal notice of contemplated action . . . is part of the due process limitations" on the jurisdiction of a court. *Id.* (citing 4 *Wright & Miller* § 1074, at 456). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objection." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted). Consequently, "[i]t is elementary law that a judgment binding on the person of the defendant may not be rendered in an action classified as *in personam* without some form of personal service sufficient to satisfy the requirements of due process of law." *Lynch v. Blake*, 59 Haw. 189, 204, 579 P.2d 99, 108 (1978) (citation and quotation marks omitted). The basis for this fundamental precept is that

"in Anglo–American jurisprudence . . . one is not bound by a judgment in personam in a litigation in which he [or she] is not designated as a party or to which he [or she] has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S.Ct. 115 [117], 85 L.Ed. 22 (1940). . . . This rule is part of our "deep-rooted historic tradition that everyone

should have his [or her] own day in court." 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4449, at 417 (1981).

*Richards v. Jefferson County, Ala.,* —— U.S. ——, —————, 116 S.Ct. 1761, 1765–66, 135 L.Ed.2d 76, 83 (1996).

■ Because Respondents were not served with notice or a summons, the circuit court did not obtain jurisdiction over the person of Respondents. *See McGuire, supra.* RCC Rule 5 provides that "[a] party who has been prejudiced by the failure to receive due notice or to be served ... may apply for appropriate relief." "A judgment rendered in the absence of personal jurisdiction is void and must be set aside." *McGuire,* 48 F.3d at 907. Consequently, appropriate relief includes the setting aside of a judgment where the party affected was denied due process. *Stafford v. Dickison,* 46 Haw. 52, 374 P.2d 665 (1962).

### III.

In addition, the court should have held in favor of Respondents in deciding the jurisdictional defense because Respondents were deprived of property without due process.

■ The "[b]asic requisites of 'due process' ... where property rights may be affected, [are that] notice and an opportunity to be heard must be afforded to all interested persons." *In re Ellis,* 53 Haw. 23, 30, 487 P.2d 286, 290 (1971). *See also Price v. Zoning Bd. of Appeals of Honolulu,* 77 Hawai'i 168, 172, 883 P.2d 629, 633 (1994) ("The basic elements of due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner.") (citations omitted).

■ The garnishment of bank accounts without prior notice and an opportunity for a hearing violates the due process requirements in the United States and Hawai'i Con-

stitutions. *Brunswick Corp. v. Galaxy Cocktail Lounge,* 54 Haw. 656, 513 P.2d 1390 (1973). In *Brunswick,* the Hawai'i Supreme Court invalidated a prejudgment garnishment statute which allowed bank accounts to be garnished without prior notice and a hearing. Reasoning that bank accounts are indistinguishable from wages, *see Sniadach v. Family Fin. Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969),[7] the court held that the notice and hearing protections under the due process requirements of the United States and the Hawai'i Constitutions must be applied to bank accounts. *Brunswick,* 54 Haw. at 661–62, 513 P.2d at 1394.

■ In the instant case, Star Market's bank account clearly was property protected by the due process clauses of the federal and state constitutions. *See Brunswick, supra.* Garnishment of Star Market's bank account constituted a taking of property which required that Star Market be given "notice and an opportunity to be heard[.]" *Price,* 77 Hawai'i at 172, 883 P.2d at 633.

The ex parte entry of the December 24, 1992 judgment against Respondents allowed Petitioner to garnishee Star Market's bank account without notice and an opportunity to be heard. Consequently, we hold that because the due process requirements under the federal and state constitutions were violated, the January 3, 1994 *nunc pro tunc* judgment and the garnishee summons issued pursuant to the judgment were also void on due process grounds.

### IV.

However, we are faced with the issue of whether Respondents voluntarily submitted themselves to the court's jurisdiction and waived their jurisdictional defense by (1) raising the affirmative defense of accord and satisfaction, and (2) requesting attorneys' fees under HRS § 607–14.5(a) (1993)[8] in

---

7. The Supreme Court held that in the absence of prior notice and hearing requirements, a Wisconsin prejudgment garnishment statute violated due process. *Sniadach v. Family Fin. Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

8. HRS § 607–14.5(a) (1993) provides in pertinent part as follows:

(a) In any civil action ... where a party seeks money damages ... against another party, ... the court may ... assess against either party ... a reasonable sum for attorneys' fees, in an amount to be determined by the court upon a specific finding that the party's claim or defense is frivolous.

their motion to set aside Petitioner's judgment.

## A.

### 1.

Respondents did not style their motion to set aside Petitioner's judgment as one brought under HRCP Rule 12. However, we treat it as such "to do substantial justice." HRCP Rule 8(f).

■ HRCP Rule 12(b)(2) provides that the defense of lack of jurisdiction over the person may "at the option of the pleader be made by motion[.]" HRCP Rule 12(b) provides as follows:

> **(b) How Presented.** *Every defense, in law or fact, to a claim for relief in any pleading,* whether a claim, counterclaim, cross-claim, or third-party claim, *shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:* (1) lack of jurisdiction over the subject matter, (2) *lack of jurisdiction over the person,* (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. *No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.*

(Emphases added.) Because HRCP 12(b) is identical to Rule 12(b) of the Federal Rules of Civil Procedure (FRCP), the federal courts' interpretation of this rule is highly persuasive. *Shaw v. North American Title Co.,* 76 Hawai'i 323, 326, 876 P.2d 1291, 1294 (1994) (citations omitted). *See Harada v. Burns,* 50 Haw. 528, 532, 445 P.2d 376, 380 (1968) (federal courts' interpretations of the FRCP are deemed "highly persuasive in the reasoning of this court" since the HRCP were patterned after the federal rules); *see*

*also Compass Dev., Inc. v. Blevins,* 10 Haw. App. 388, 394, 876 P.2d 1335, 1338 (1994) (because HRCP Rule 41(b) is identical to FRCP Rule 41(b), the U.S. Supreme Court's interpretation of the federal rule is persuasive).

Prior to the adoption of the federal rules, a party objecting to the court's jurisdiction was required to appear specially before the court to contest its jurisdiction. 5A C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1344, at 166 (2d ed. 1990) (5A *Wright & Miller*). The "failure to follow the correct procedure for doing so often resulted in a waiver of the defense [of lack of jurisdiction]." *Id.* at 166–67 (footnote omitted).

Before the adoption of FRCP Rule 12, "the federal courts followed the common-law practice" of allowing a defendant to appear for the sole purpose of attacking the jurisdiction without subjecting himself or herself to the power of the court generally. *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871, 874 (3d Cir.), *cert. denied, Orange Theatre Corp. v. Brandt,* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944). The courts followed this practice because "they were exercising judicial restraint, ... rather than giving recognition to a lack of power over a defendant who voluntarily made a special appearance, for such an appearance has been held to be sufficient to give a court general jurisdiction over the defendant if the court's procedural rules so provided." *Id.* (citation omitted).

Since the enactment of FRCP Rule 12, however, "[t]here no longer is any necessity for appearing specially to challenge personal jurisdiction...." 5A *Wright & Miller* at 167 (footnote omitted). The distinction between a special and a general appearance was abolished, and a party could raise "a jurisdictional defense even though [a party's] voluntary appearance ha[d] already called into existence the potential power of the court to adjudicate the merits of [one's] controversy." [9] *Orange Theatre Corp.,* 139 F.2d at

---

**9.** However, the jurisdictional defense must still be timely asserted:

> The elimination of the former distinction between special and general appearance does not

mean that a litigant is protected against loss of his [or her] personal jurisdiction, ... service of process defenses under all circumstances. If [a] defendant appears in the action, he [or she]

874. *See Hays v. United Fireworks Mfg. Co.*, 420 F.2d 836, 844, 844 n. 10 (9th Cir. 1969) (a party need not make a "special" appearance in order to contest a court's jurisdiction or to challenge the sufficiency of process); *Martens v. Winder*, 341 F.2d 197, 200 (9th Cir.), (FRCP Rule 12 eliminates the distinction between special and general appearances), *cert. denied*, 382 U.S. 937, 86 S.Ct. 391, 15 L.Ed.2d 349 (1965).

▮ We hold, then, that HRCP Rule 12 has eliminated the distinction between special and general appearances, and thus, a party need not make a "special appearance" for the sole purpose of asserting lack of personal jurisdiction over the person under HRCP Rule 12(b).

### 2.

▮ Rule 12 also permits a jurisdictional defense to be joined with other defenses listed in Rule 12 because of

the absence in Rule 12 of any reference to either a general or special appearance and the express provisions in subdivision (b) to the effect that every defense may be made either in the responsive pleading or by motion, and that no defense or objection is waived by being joined with any other defense or objection in a responsive pleading or a motion.

5A *Wright & Miller* at 168 (footnotes omitted). The defense of lack of jurisdiction over the person may be joined with the other defenses in Rule 12(b) since under the express language of Rule 12(b), " 'no defense'

must interpose any of these objections he may have by motion or in his [or her] answer or they will be deemed waived by virtue of [Federal Rules of Civil Procedure (FRCP)] Rule 12(h)(1). In addition, he [or she] should act in timely fashion lest the court consider his [or her] conduct sufficiently dilatory or inconsistent with the later assertion of one of these defenses to justify declaring a waiver.

5A C. *Wright & A. Miller, Federal Practice and Procedure: Civil* § 1344, at 173 (2d ed. 1990) (5A *Wright & Miller* ) (footnote omitted).

10. *But see* 5A *Wright & Miller* at 169 n.5 (although North Carolina adopted a rule identical to FRCP Rule 12, it continues to recognize waiver by general appearance) (citation omitted).

11. At the June 9, 1993 hearing, Respondents' counsel presented the following argument:

[in Rule 12(b) ] is waived by being joined with one or more other defenses in a responsive ... motion." *See Housing Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir.1973) (holding that a party no longer needs to appear "specially to protest the court's jurisdiction or question the sufficiency of process or service of process" because under FRCP Rule 12, all "such objections are assertable in an answer or motion to dismiss").

▮ Hence, a jurisdictional defense is not waived when it is joined with other Rule 12(b) defenses. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968) (special appearances are no longer needed to contest jurisdictional or service defects pursuant to FRCP Rule 12, and "a defendant served with process under 28 U.S.C. § 1655 may raise the defense of lack of jurisdiction and also contest the merits, without waiving either the jurisdictional defense or the defense of merits"); *Shall v. Henry*, 211 F.2d 226 (7th Cir.1954) (under the federal rules of civil procedure, defenses to merits may be joined with defenses to lack of jurisdiction or service without waiving the latter defenses).[10]

### 3.

The affirmative defense of accord and satisfaction is not listed as one of the defenses a party may raise by motion under Rule 12(b). The record reflects that at the June 9, 1993 hearing, Respondents' attorney did argue the defense of accord and satisfaction and presented exhibits in support thereof.[11]

[A]s pointed out in our motion, there was an accord and satisfaction with respect to the disputed amount. This settlement was as a result of three or four decisions by the Department of Labor and various periods of disability. At the time the settlement was effected, and I might add that the settlement was a complete release, there was a dispute with respect to payment of temporary partial disability. That dispute was brought to the attention of counsel for petitioner[ ] and [Petitioner] by way of the check and the voucher attached to said check, as pointed out in our motion.

. . . .

In fact, as you will see by our papers, Exhibit C, [Petitioner's counsel] crossed out that portion of the receipt which acknowledged receipt of the check, stating that it was not in satisfaction of the entire amount. Therefore, the dis-

Accord and satisfaction[12] is an affirmative defense which must be pleaded under HRCP Rule 8(c).[13] *See Park v. Esperanza*, 4 Haw.App. 91, 99–100, 662 P.2d 214, 219 (1983); *Rosa v. Johnston*, 3 Haw.App. 420, 423, 651 P.2d 1228, 1232 (1982) (accord and satisfaction constitutes an affirmative defense and the party raising it has the burden to prove such defense). An affirmative defense would defeat a " 'plaintiff's claim if it is accepted by the court' and it 'serves the purpose of giving the opposing party notice of the defense and an opportunity to argue why his [or her] claim should not be barred completely.' " *GECC Fin. Corp. v. Jaffarian*, 79 Hawai'i 516, 526 n. 3, 904 P.2d 530, 540 n. 3 (App.) (Acoba, J. concurring) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1270, at 414 (2d ed.1990)), *aff'd*, 80 Hawai'i 118, 905 P.2d 624 (1995).

However, while the "seven motions specifically enumerated in Rule 12(b) theoretically are the only motions that can be made prior to service of the responsive pleading, in practice the preliminary motion practice in the federal courts has a much broader compass." 5A *Wright & Miller* § 1349, at 193. "For example, although affirmative defenses under Rule 8(c) probably were intended to be raised only by responsive pleading, it is now common to allow an affirmative defense to be asserted by a motion under Rule 12(b)(6) when the validity of that defense is apparent from the face of the pleading." *Id.* at 193–94 (footnote omitted). Analogously, we conclude that the joinder of a jurisdictional defense with an affirmative defense in the same HRCP Rule 12(b) mo-

tion should not be fatal to the assertion of a jurisdictional defense. *See also* HRCP Rule 8(f).

Accordingly, Respondents did not waive their jurisdictional objection by "actively participat[ing] in the court's hearing on the merits of its purported defenses" and we hold that under HRCP Rule 12(b), Respondents' joinder of their jurisdictional defense with their affirmative defense of accord and satisfaction did not waive their assertion of the former. 5A *Wright & Miller* § 1349, at 194. *See Orange Theatre Corp., supra; Harrison, supra; see also* HRCP Rule 8(f).

### B.

Petitioner also maintains that Respondents' request for attorneys' fees constituted consent to the circuit court's jurisdiction. Respondents, on the other hand, maintain that their request for attorneys' fees under HRS § 607–14.5(a) should not be construed as a waiver of their jurisdictional defense because the request for attorneys' fees "was made in conjunction with and was dependent upon Respondents' Motion to Set Aside Judgment[,]" and such request "is akin to a mandatory counterclaim."

Petitioner relies on *California Fed. Sav. & Loan Ass'n v. Bell*, 6 Haw.App. 597, 735 P.2d 499 (1987) and *Hanalei, BRC. Inc. v. Porter*, 7 Haw.App. 304, 760 P.2d 676 (1988). In *California Fed. Sav.*, this court deemed that a defendant, who had filed an answer to a third-party complaint and did not challenge the trial court's *in personam* jurisdiction, had waived any objection or defense to the

pute was still in effect at the time of receipt. Thank you.

12. "An accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligator's existing duty. Performance of the accord discharges the original duty." *SGM Partners v. The Profit Co.*, 8 Haw.App. 86, 107, 793 P.2d 1189, 1204 (quoting *Restatement (Second) of Contracts* § 281 (1979)), *aff'd in part, rev'd in part on other grounds, Azer v. Myers*, 71 Haw. 506, 795 P.2d 853 (1990); *see also H. Hackfeld & Co. v. E. Bal*, 4 Haw. 478, 479 (1882) (an agreement to discharge the defendant's debts in exchange for money collected from the sale of defendant's property is an ac-

cord, and satisfaction occurs when "the substitute agreement" is executed).

13. HRCP Rule 8(c) in pertinent part states:

(c) **Affirmative Defenses.** In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

lack of personal jurisdiction. *Id.* at 603, 735 P.2d at 500.

Unlike the defendant in *California Fed. Sav.*, Star Market, upon discovering the garnishment of its bank account, filed a motion to set aside the judgment for lack of *in personam* jurisdiction over Respondent. Thus, Respondents challenged personal jurisdiction.

In *Hanalei*, the defendant was held to have waived the defense of lack of personal jurisdiction by filing a permissive counterclaim and a third-party complaint. 7 Haw. App. at 310–11, 760 P.2d at 681. The court concluded that "where a defense of lack of personal jurisdiction is joined with a permissive counterclaim or a voluntary affirmative claim, the defense is waived." *Id.* at 312, 760 P.2d at 681. The court explained that the "rationale supporting the waiver is that 'a party who invoke[s] the power of the court for his own purposes should not be allowed the inconsistent objection that the forum was personally inconvenient for him.'" *Id.* at 311, 760 P.2d at 681 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1397, at 877 (1969)).

Unlike the defendant in *Hanalei*, Respondents did not file a permissive counterclaim nor did they assert a "voluntary affirmative claim" against Petitioner.[14] *Id.* at 312, 760 P.2d at 681. Their objective was only to defend against Petitioner's claim, and Respondent's request for attorneys' fees was only parasitic of their defenses. *See* discussion *supra*.

If we were to adopt Petitioner's position, a party objecting to jurisdiction would be precluded from seeking relief under HRS § 607–14.5 for frivolous actions. This would unjustly compel a party to forego an award of attorneys' fees, even if the jurisdictional claim had been frivolous. Moreover, an award of attorneys' fees under such circumstances would not be inconsistent with an "objection ... that the forum was personally inconvenient for him." *Id.* at 311, 760 P.2d 676.

Furthermore, Respondents' request for attorneys' fees was only collateral to the issues involved. HRCP Rule 12(b) does not indicate that a joinder of a request for attorneys fees with a jurisdictional defense waives the jurisdictional defense. It would be illogical to rule that a parasitic claim for attorneys' fees waives the host jurisdictional defense.

We, therefore, hold that Respondents' request for attorneys' fees did not constitute a waiver of its jurisdictional defense or a consent to the circuit court's jurisdiction.

### V.

As under the federal rules, if a defendant raises a jurisdictional defense pursuant to HRCP Rule 12, "the rule requires the court to decide without reference to the voluntary appearance the question of jurisdiction thus raised and, if the question is decided in the defendant's favor, to refrain from further exercising over him [or her] the power which his [or her] appearance has given it." *Orange Theatre Corp., supra,* 139 F.2d at 874. Consequently, the circuit court should have decided the question of jurisdiction in Respondents' favor and refrained from deciding the merits of Petitioner's claim.

### VI.

The January 3, 1994 circuit court judgment *nunc pro tunc,* the garnishee summons issued pursuant to the judgment, and the July 6, 1993 order denying Respondents' motion to set aside judgment are vacated and the case is remanded to the circuit court for entry of an order granting Respondents' motion to set aside judgment and for such other relief, if any, as is appropriate.

14. We note that the federal courts are divided on the issue of whether a defense of lack of personal jurisdiction is waived by the assertion of a permissive counterclaim. *Compare Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1330 n. 1 (9th Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985) *and Neifeld v. Stein-*berg, 438 F.2d 423, 427 (3d Cir.1971) holding there is a waiver *with North Branch Prod., Inc. v. Fisher,* 284 F.2d 611 (D.C.Cir.1960), *cert. denied,* 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961) *and Merz v. Hemmerle,* 90 F.R.D. 566 (E.D.N.Y. 1981) holding there is no waiver.

BURNS, Chief Judge, concurring.

I concur in the result.

I agree that the Respondents did not waive their jurisdictional objection or consent to the circuit court's jurisdiction.

I disagree that a proceeding under Hawai'i Revised Statutes (HRS) § 386–91(a) (1993) is governed by the Hawai'i Rules of Civil Procedure.

HRS § 386–91 (1993) states in relevant part as follows:

**Enforcement of decisions awarding compensation; judgment rendered thereon.** (a) Any party in interest or the director may file in the circuit court in the jurisdiction in which the injury occurred, a certified copy of:

(1) A decision of the director ... awarding compensation ..., including attorneys fees, from which no appeal has been taken within the time allowed therefor;

* * *

(3) A decision of the appellate board ... awarding compensation ..., including attorneys fees, from which no appeal has been taken within the time allowed therefor; or

(4) A decision of the appellate board ... awarding compensation ..., including attorneys fees, from which an appeal has been taken but as to which no order has been made by the appellate board or the court that the appeal therefrom shall operate as a supersedeas or stay.

The court shall render a judgment in accordance with the decision and notify the parties thereof. The judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though the judgment had been rendered in an action duly heard and determined by the court, except that there shall be no appeal therefrom.

Among the states, this statute is the most common type of statute. 3 Mod Work Comp § 312:9 (1993).

The Rules of the Circuit Courts of the State of Hawai'i (RCCH) state in relevant part as follows:

**Rule 3. Form of pleadings and motions.**

* * *

(c) *Form of first page. ... .*

* * *

(5) In the space to the right of the title of the cause, there shall be listed the class and case number followed in civil cases by the category best describing the claims asserted in the case....

The category best describing the claims asserted in a civil case shall be selected from the following:

* * *

Special Proceeding

* * *

**Rule 31. Proceedings not governed by [Hawai'i] rules of civil procedure.**

(a) *Procedure.* Except as provided by statute or by other rules of court, where a civil proceeding is not governed by the [Hawai'i] Rules of Civil Procedure:

(1) The proceeding shall be commenced by petition;

(2) The petition shall be verified by the oath of the petitioner, or someone on his behalf, deposing to the best of his knowledge and belief;

(3) Service of the petition and order to show cause and any other process or order shall be made as provided by the [Hawai'i] Rules of Civil Procedure;

(4) A return to the petition shall be made within the time ordered by the court, and if it presents an issue of fact shall be supported by oath;

(5) The court may designate and order that any one or more of the [Hawai'i] Rules of Civil Procedure shall be applicable in such case.

In my view, RCCH Rule 31 applies and Petitioner failed to comply with it. There-

fore, everything that was done commencing December 24, 1992, should be vacated and Petitioner should be permitted to start all over again in compliance with RCCH Rule 31.