JOSEPH HAMM, Plaintiff-Appellee, *v.* CLYDE IVAN MERRICK, Defendant-Appellant

NO. 5934

JANUARY 15, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ.*

*Per Curiam.* Clyde Ivan Merrick, defendant-appellant, appeals from the judgment of the court below in a slander suit brought by the plaintiff-appellee, Joseph Hamm.

On August 9, 1973, Mr. Hamm (hereinafter "appellee") filed a complaint in First Circuit Court alleging that Mr. Merrick (hereinafter "appellant") stated to various persons that the appellee wrongfully took money from the appellant's company. Appellant's answer to the complaint flatly denied making the statements and did not raise the defense of qualified privilege.

---

*Justices Kobayashi and Kidwell, who heard oral argument in this case, retired from the court on December 29, 1978, and February 28, 1979, respectively. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

The suit was tried on October 30, 31 and November 1, 1974. At the close of the appellee's case, the appellant moved for a directed verdict and/or dismissal on the ground that the evidence demonstrated that the defense of qualified privilege applièd and that therefore the appellee had failed to make his case. The court below denied this motion, stating that qualified privilege had not been pleaded and could not arise as a defense at that time.

The appellant then moved, pursuant to Hawaii Rules of Civil Procedure, Rule 15(b), to amend his answer to include the defense of qualified privilege. The court below also denied this motion. The court held that the implied consent of both parties to the trial of the unpleaded defense, which was necessary for an amendment to the pleadings under HRCP, Rule 15(b), did not exist in this case.

The jury found for the appellee and awarded him $30,000 in general damages.

On appeal, the appellant contends that the court below erred when it refused to allow him to amend his answer to include the defense of qualified privilege at the close of appellee's case. The appellant also argues that the court below erred in its refusal to give his requested jury instructions dealing with qualified privilege.[1]

We reverse the verdict and judgment of the court below and remand for a new trial.

Rule 15(b) of the Hawaii Rules of Civil Procedure states:

*Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects

---

[1] The defendant-appellant offered three jury instructions which dealt with the defense of qualified privilege. Defendant's Requested Instruction No. 1 stated:

You are instructed that the defendant, Clyde Ivan Merrick, is required to act as a reasonable man under the circumstances with due regard to the strength of his belief, the grounds he has to support his belief, and the importance of conveying the information to the persons to whom he is speaking.

Defendant's Requested Instruction No. 2 stated:

If you should find that the defendant, Clyde Ivan Merrick, was speaking in a reasonable manner concerning the subject matter in which Clyde Ivan Merrick and the persons to whom he was speaking had an interest, then the discussions

as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

When a party seeks to amend the pleadings to include an unpleaded defense, the critical question is whether that unpleaded issue was tried by the implied consent of the parties. *See Nielson v. Armstrong Rubber Co.*, 570 F.2d 272, 275 (8th Cir. 1978); *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1086 (2d Cir. 1977); *International Harvester Credit Corp. v. East Coast Truck*, 547 F.2d 888, 890 (5th Cir. 1977); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 478 n. 370 (D.C. Cir. 1976); *Schultz v. Cally*, 528 F.2d 470, 474-75 (3d Cir. 1975); *MBI Motor Co., Inc. v. Lotus/East, Inc.*, 506 F.2d 709, 711 (6th Cir. 1974); *Cole v. Layrite Prod. Co.*, 439 F.2d 958, 961 (9th Cir. 1971); *Cox v. Fremont County Pub. Bldg. Auth.*, 415 F.2d 882, 887 (10th Cir. 1969); *Vogrin v. Hedstrom*, 220 F.2d 863, 866 (8th Cir. 1955); *Avco Corp. v.*

---

between the defendant, Clyde Ivan Merrick; and the persons to whom he was speaking concerning the plaintiff, Joseph Hamm, were qualifiedly privileged.

However, if you find that the remarks made by Clyde Ivan Merrick concerning Joseph Hamm were not made for the purpose of furthering an interest in which Clyde Ivan Merrick and the persons to whom he was speaking had a mutual and corresponding interest, then there is no qualifiedly privileged occasion.

Defendant's Requested Instruction No. 3 stated:

If you should find that the defendant Clyde Ivan Merrick, had a qualified privilege to discuss the matters concerning the plaintiff, Joseph Hamm, and did not abuse this privilege, you shall then find in favor of the defendant and against the plaintiff.

*American Tel. & Tel. Co.*, 68 F.R.D. 532, 537-39 (S.D. Ohio 1975); *Otness v. United States*, 23 F.R.D. 279, 280 (D. Alaska 1959); *Associated Eng'rs. & Contractors, Inc. v. State*, 58 Haw. 187, 216-17, 567 P.2d 397, 416-17 (1977); *Wilson v. Kealakekua Ranch, Ltd.*, 57 Haw. 124, 126, 551 P.2d 525, 527 (1976); 3 Moore's Federal Practice ¶15.13[2], at 15-165 (2d ed. 1979).

In this jurisdiction, consent will be implied from the failure to object to the introduction of evidence relevant to the unpleaded issue. *Wilson v. Kealakekua Ranch, Ltd., supra*, 551 P.2d at 527; *accord, Nielson v. Armstrong Rubber Co., supra; Usery v. Marquette Cement Mfg. Co.*, 568 F.2d 902, 906 (2d Cir. 1977); *Schultz v. Cally, supra* at 474; 3 Moore's Federal Practice, *supra* at 174-75. In the present case, there was no objection to the introduction of evidence relevant to the unpleaded defense of qualified privilege. In fact, the appellee himself introduced such evidence as part of his case.[2] We find that implied consent to the trial of the unpleaded issue of qualified privilege did exist.

Although the court below has wide discretion in deciding a Rule 15(b) motion to amend, its decision will be overturned if an abuse of that discretion occurred. *Laffey v. Northwest Airlines, Inc., supra* at 478; *Cole v. Layrite Prod. Co., supra* at 961; *cf. Associated Eng'rs. & Contractors, Inc. v. State, supra* at 218-19, 567 P.2d at 417 (standard of review in Rule 15(a)

---

[2] "A qualifiedly privileged occasion arises when the author of the defamatory statement reasonably acts in the discharge of some public or private duty, legal, moral, or social, and where the publication concerns subject matter in which the author has an interest and the recipients of the publication a corresponding interest or duty." *Lauer v. Y.M.C.A.*, 57 Haw. 390, 396, 557 P.2d 1334, 1338 (1976); *Russell v. American Guild of Variety Artists*, 53 Haw. 456, 460, 497 P.2d 40, 44 (1972). In this jurisdiction, two requirements must be met before the defense of qualified privilege will apply. First, the author and the recipient must share a common interest in the subject matter of the statement. The appellee himself introduced evidence on this point by inquiring into the business nature of the conversations which occurred. Second, the author of the statement must have acted reasonably. The appellee did not object when the appellant questioned the witnesses as to who initiated the conversations about the appellee. The fact that publication of a statement was solicited is very relevant to the reasonableness of the speaker's action. Russell v. American Guild of Variety Artists, *supra* at 463, 497 P.2d at 45. *See generally* "Defamation: A Study in Hawaii Law," 1 Univ. of Hawaii L. Rev. 84, 91-93 (1979).

motion to amend). Here, the refusal of the court below to allow the appellant to amend the pleadings was an abuse of discretion. Implied consent by the parties to the trial of the unpleaded defense clearly did exist. "Rule 15(b) is not permissive in terms: it provides that issues tried by express or implied consent *shall* be treated as if raised in pleadings." 3 Moore's Federal Practice, *supra* at 177 (original emphasis). The trial judge should have permitted the appellant's requested amendment.[3]

Reversed and remanded for a new trial.

*Philip D. Bogetto* for Defendant-Appellant.

*Edward C. Kemper* (*Kemper & Watts* of Counsel) for Plaintiff-Appellee.

---

[3] Rule 15(b), Hawaii Rules of Civil Procedure, authorizes the court to grant a continuance to prevent the objecting party from being prejudiced by the amendment of the pleadings.