**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000451
28-FEB-2023
08:11 AM
Dkt. 80 SO**

NO. CAAP-18-0000451

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KL, Petitioner-Appellee,
v.
DL, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA No. 18-1-0235)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Chan, JJ.)

Respondent-Appellant DL (**Father**) appeals from the **Order for Protection** entered by the Family Court of the First Circuit on April 30, 2018.[1] For the reasons explained below, we affirm.

Petitioner-Appellee KL (**Mother**) filed a **Petition** for an Order for Protection, for herself and for IL (**Child**), against Father on January 26, 2018. A temporary restraining order against Father was entered the same day,[2] without an evidentiary hearing.[3] The evidentiary hearing was set for February 5, 2018, but was continued to March 5, 2018, March 19, 2018, and April 23,

---

[1]   The Honorable David J. Gierlach presided.

[2]   The Honorable Steven M. Nakashima presided.

[3]   "The existence of exigent circumstances justifies dispensing with the requirement of holding a hearing before the ex parte TRO is granted." Hamilton ex rel. Lethem v. Lethem, 126 Hawaiʻi 294, 303, 270 P.3d 1024, 1033 (2012).

2018.  The evidentiary hearing was conducted on April 23 and 30, 2018.  The family court heard testimony from Mother, Father, and a number of other witnesses.  The Order for Protection was entered on April 30, 2018.

This appeal followed.  Father raises six points of error and makes four arguments.[4]

**1.**  Father argues that the family court erroneously granted the Order for Protection based "on numerous allegations of harm and threat of harm not alleged in [Mother]'s TRO petition, especially undated, non-specific and unreliable hearsay claims of sexual abuse."

Hawaii Revised Statutes (**HRS**) § 586-3 (2006) provides, in relevant part:

> **Order for protection.**  (a) There shall exist an action known as a petition for an order for protection in cases of domestic abuse.
>
> . . . .
>
> (c)  A petition for relief shall be in writing upon forms provided by the court and . . . be accompanied by . . . a statement made under penalty of perjury stating the specific facts and circumstances from which relief is sought.

Mother signed the Petition under penalty of perjury.  It stated:

> [Father] abused ☒ me ☒ and/or <u>has hit my daughter</u>[.]
>
> . . . .
>
> [Father]:
>
> . . . .
>
> D.  ☒  may need supervised visitation with the child(ren) because:
>
> <u>physically abusive past and inappropriate touching with children.</u>

(Underscored words were handwritten.)

---

[4]  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) provides, in part: "Points not argued may be deemed waived."

The family court found and concluded:

> A. The court determined it was in the best interest of [Child] that [Father] have no contact with her unless [Child Welfare Services] sanctioned such contact, because [Father] engaged in inappropriate sexual touching of [Child.]
>
> . . . .
>
> > i. The court found that [Child] was the victim of sexual contact or conduct including molestation and sexual fondling when [Father] touched her and rubbed her on her private spot.

Father argues that the family court erred by issuing the Order for Protection based upon Father's alleged sexual abuse of Child. At the April 23, 2018 evidentiary hearing, Mother testified:

> [Mother's Counsel] What -- what made you feel that you had to protect your daughter?
>
> [Mother] Um -- because when I came back from filing the restraining order, um -- my daughter -- we were talking and she was telling me how she felt yucky and didn't like herself[.]
>
> . . . .
>
> [Mother] And I asked [Child] if [Father] touched her private area. . . . And she said yes.

Mother testified on cross-examination:

> [Father's Counsel] Now, you wrote inappropriate touching in your TRO, and you're referring, if I understand your testimony correctly, my client rubbing her leg?
>
> [Mother] When -- when I wrote that I'm referring to my son and hitting my daughter.
>
> [Father's Counsel] Hitting your daughter. But you put no allegations in [Petition] about [Father] hitting either your son or your daughter. You didn't specify those as allegations. And -- sorry. Is that correct?
>
> [Mother] It said inappropriate touching of my children and I believe that throwing my son is very inappropriate to do that.

Thus, Father contends that the family court issued the Order for Protection based upon allegations of sexual abuse not contained in Mother's Petition.

Father received actual notice, before the evidentiary hearing, that Child (then seven years old) told a Hawai'i Department of Human Services (**DHS**) social worker that Father touched her "private area" and "private girl part"; Child told a forensic interviewer that Father "used his hand to touch her on 'my spot'"; and that DHS had concluded that "the sexual abuse and threat of abuse allegations to [Child] by [Father] is confirmed." Father reviewed a DVD of Child's interview before the evidentiary hearing, and cross-examined the DHS social worker about Child's allegations at the trial.

Hawai'i Family Court Rules (**HFCR**) Rule 15(b) states, in relevant part:

> **(b) Amendments to conform to the evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

HFCR Rule 15(b) brings the pleadings in line with the actual issues upon which the case was tried, thus promoting the objective of deciding cases on their merits rather than on the basis of a statement of the claim made at a preliminary point in the action. See Cresencia v. Kim, 10 Haw. App. 461, 477, 878 P.2d 725, 734 (1994) (applying Hawai'i Rules of Civil Procedure (**HRCP**) Rule 15(b)); Child Support Enf't Agency v. Carlin, 96 Hawai'i 373, 379, 31 P.3d 230, 236 (App. 2001) ("In interpreting HFCR Rule 15(b), the cases and treatises interpreting cognate rules of civil procedure are persuasive authority in parsing the HFCR.").

HFCR Rule 15(b) is mandatory, not permissive; as long as issues are tried by the express or implied consent of the parties, the issues shall be treated as if raised in pleadings. Consent is generally implied when the party opposing a Rule 15(b) motion fails to object to the introduction of evidence relevant

to an unpleaded issue, or produces evidence bearing on the new issue. Cresencia, 10 Haw. App. at 478, 878 P.2d at 734 (citing Hamm v. Merrick, 61 Haw. 470, 473-74, 605 P.2d 499, 501-02 (1980)). In this case, Father had actual notice of Child's allegations of sexual abuse, did not object when Mother elicited evidence of sexual abuse at the evidentiary hearing, testified about having seen the DVD of Child's interview, and denied sexually abusing Child. The issue of Father's sexual abuse of Child was tried by implicit consent under HFCR 15(b). See Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 434, 32 P.3d 52, 78 (2001) (concluding that termination issue was tried by implied consent under HRCP 15(b)).

Father argues that the evidence of sexual abuse was inadmissible hearsay. Father did not object on that basis during the evidentiary hearing. The objection was waived. See Hawaii Rules of Evidence Rule 103(a)(1); State v. Crisostomo, 94 Hawai'i 282, 290, 12 P.3d 873, 881 (2000) ("A hearsay objection not raised or properly preserved in the trial court will not be considered on appeal.") (citation omitted).

2. Father argues that "[t]he family court entered inconsistent, insufficient, and clearly erroneous findings, and no reasonable person, normally constituted, would consider [Father]'s parental discipline domestic violence or inappropriate touching."

We review findings of fact under the "clearly erroneous" standard. Est. of Klink ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007). A finding of fact is clearly erroneous when the record lacks substantial evidence to support the finding or when, despite substantial evidence to support the finding, we are left with a definite and firm conviction that a mistake has been committed. Id. "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (citation omitted).

Father specifically challenges conclusion of law (**COL**) no. 10.A:

> 10.  Hawaii Revised Statutes Section 571-46(b)((l)[sic]. In determining what constitutes the best interest of the child the court shall consider any sexual or physical abuse of a child by a parent.
>
> A.  The court determined it was in the best interest of [Child] that [Father] have no contact with her unless CWS sanctioned such contact, because [Father] engaged in inappropriate sexual touching of [Child], and sustained **_and/or witnessed domestic violence on_** herself of [sic] her mother and **_brother_**[.]

(Emphasis added.)

The family court found:

> 17.  [The DHS report of its investigation into alleged sexual abuse of Child by Father stated]:
>
> . . . .
>
> D.  [Child] reported:
>
> . . . .
>
> vi.  She has witnessed her father pull her brother['s] arm and drag him into the house. This happened during her . . . birthday party. Her father did it because [her brother] disrespected him so he pulled him out of the party, "threw" him in his room, and "screamed" at him.

Father argues that the family court erred because his pulling of Child's brother's arm, dragging him into the house, throwing him into his room, and screaming at him was "parental discipline," not "domestic violence or inappropriate touching." Father did not make that argument to the family court. Had he done so, it would have been the family court's role to weigh the evidence and make an appropriate finding; it is not an issue to be resolved on appeal. See State v. Kikuta, 125 Hawaiʻi 78, 89, 253 P.3d 639, 650 (2011) (noting that assessment of witness credibility and weighing of the evidence is not within the province of an appellate court, but a function of the fact finder at trial). Father's argument was waived. Id.

6

**3.** Father argues that "the [family] court impermissibly shifted the burden of proof to [Father] to disprove and negative the allegations in [Mother]'s Petition, rather than requiring her to prove her allegations of domestic violence and child abuse" by a preponderance of the evidence.

The Order for Protection was issued pursuant to HRS § 586-5.5 (2006). The statute provides, in relevant part:

> (a) If, after hearing all relevant evidence, the court finds that the ***respondent has failed to show cause why the [temporary restraining] order should not be continued*** and that a protective order is necessary to prevent domestic abuse or a recurrence of abuse, the court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate.

(Emphasis added.) The supreme court has held that under the statute, "the petitioner has the burden to prove the allegations in the petition by a preponderance of the evidence. . . . [T]he petitioner retains the burden of proof during the [show cause] hearing[.]" Hamilton ex rel. Lethem v. Lethem, 126 Hawaiʻi 294, 303, 270 P.3d 1024, 1033 (2012) (citing Kie v. McMahel, 91 Hawaiʻi 438, 442, 984 P.2d 1264, 1268 (App. 1999) ("While at that hearing the respondent must 'show cause why' the protective order is not necessary, HRS § 586-5.5(a), the burden remains on the petitioner to prove the petitioner's underlying allegations by a preponderance of the evidence.")).

In Kie we explained:

> In our view, the order to a respondent to show cause is a direction from the court to appear at a hearing to answer and to respond to the petition's allegations, rather than a mandate which places the burden on the respondent of initially going forward with evidence to prove the negative of the allegations.

Kie, 91 Hawaiʻi at 442, 984 P.2d at 1268.

The family court made a conclusion of law stating:

> 5. Hawaii Revised Statutes Section 586-5.5. If, after hearing relevant evidence, a respondent fails to show cause why a restraining order should not be granted, an order, for a fixed period of time as the court deems appropriate, shall issue.

This conclusion of law fails to state that the petitioner has the burden to prove the allegations in the petition by a preponderance of the evidence. Thus, this conclusion erroneously places the burden of proof on Father. Hamilton ex rel. Lethem, 126 Hawaiʻi at 303, 270 P.3d at 1033.

Nevertheless, the family court evaluated the credibility of the witnesses and correctly weighed the evidence in the context of Mother's burden to prove the allegations by a preponderance of the evidence, finding and concluding:

> 70.  After weighing the evidence and the credibility of the parties and the witnesses[,] [Mother]'s evidence was credible and indicated more likely than not:
>
> A.  [Father] physically abused [Mother] on several occasions.
>
> B.  More likely than not [Father] engaged in inappropriate touching of the parties' minor [C]hild.
>
> C.  A 10-year order of protection should issue against [Father] beginning April 30, 2018 to April 30, 2028.

A mixed finding of fact and conclusion of law is reviewed under the "clearly erroneous" standard because the determination is dependent on the facts and circumstances of each individual case. Est. of Klink, 113 Hawaiʻi at 351, 152 P.3d at 523. The family court's findings were supported by substantial evidence in the record. They were not clearly erroneous. As in Kie, although the family court erred in stating the law in COL no. 5, the court applied the correct burden of proof and found that Mother proved the allegations of abuse by a preponderance of the evidence. 91 Hawaiʻi at 444, 984 P.2d at 1270.

**4.**  Father argues that he was "'convicted' of sexual misconduct . . . based entirely on hearsay, confirmed by a [Child Protective Services] worker without disclosing the allegations to him or allowing [him] to respond to these hearsay claims." Father was not "convicted" of anything because the family court proceeding below was civil, not criminal, in nature. For the

8

reasons discussed in the previous sections, Father's other arguments lack merit.

For the foregoing reasons, the Order for Protection entered by the family court on April 30, 2018, is affirmed.

DATED:  Honolulu, Hawaiʻi, February 28, 2023.

On the briefs:

Peter Van Name Esser,
for Respondent-Appellant.

Rosa Flores,
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge